Nash. J.
 

 The bill in this case was, perhaps, framed upon the supposition, that the plaintiff, by his contract with the defendant, Mrs. Potter, had acquired the legal estate in the dower lands,
 
 to
 
 which she was entitled as Ihe widow of her late husband. This is not so. Before the assignment of her dower, a widow is not seised of
 
 *155
 
 any portion of the real estate of her husband, and can' not, therefore, convey any title at law to it.
 
 Perkins, sec. 599.
 
 She can, however, make such a contract concerning it,5as equity can and will, under proper circumstances^ enforce. The bill substantially is, to compel the heirs to allot the dower; and then that the widow shall convey the land so allotted. In this view of the case, Mrs. Potter is a necessary party; and though no specific relief is asked in the bill against her, it is embraced in the general prayer for relief, as it is consistent with the facts stated, and process is prayed against her. Before the prayer for process, the names of the heirs at law of Samuel Potter are set forth, and the defendant, Mrs. Potter, is mentioned, as the widow of the deceased Samuel Potter, from whom the plaintiff had purchased the dower land — process is prayed against all the defendants, and she, with others, has come in and answered. The bill certainly is not drawn with that attention to the proceedings of a Court of Equity, which is desirable, but we think sufficiently so to enable the Court to sustain it. It differs widely from the case of
 
 Hoyle and Moore,
 
 4 Ire. Eq. 175, and
 
 Archibald and Means, 5
 
 Ire. Eq. 230. In the first the prayer is, that the Clerk be ordered-to issue “subpoenas to the proper defendantsand in the second, “no
 
 persons are named"
 
 in the stating part of the bill, as the heirs or next of kin of the intestate.
 

 The defendant, Mrs. Potter, in her answer, admits the execution of the contract set forth in the bill, but alleges it was obtained from her by the fraudulent misrepresentations of the plaintiff; and that advantage was taken of her situation and her distress of mind, consequent upon the recent death of her husband, Samuel Potter; and that she executed it through terror of personal violence' from the plaintiff, in the absence of all of her own family, who lived in the State of Pennsylvania. It is sufficient to state, that the defendant has entirely failed to sustain
 
 *156
 
 by evidence any one of her allegations. On the contrary, the evidence tallen abundantly proves, that there is no foundation, upon which to rest her.charges ; and that, on the contrary, she acted voluntarily, with a full knowledge of fyer rights and of what she was doing. By the contract between the parties, the plaintiff was to give to the defendant, Mrs. Potter, for her dower right in the real estate of her late husband and for her interest in tho personal property, one thousand dollars in cash,an annuity of six hundred dollars, and her board as long as she chose to stay in his house or family. He further bound himself to pay to Mrs Babcock, of Philadelphia, a daughter of the defendant, an annuity of $150, to commence upon the death of Mrs. Potter, and besides she was to have her years allowance, for which she subsequently received $1000. The answer of the latter states, that her interest in the personal estate was worth ten thousand dollars, and her right of dower one thousand dollars a year. Dr. Everitt, who married a daughter of Samuel Potter, the intestate, in his deposition states, that the personal property was worth fifty or sixty thousand dollars, and that the deceased owed ten thousand dollars; and that the annual value of the real estate, after paying expenses, would not exceed fourteen hundred dollars. According to this evidence, the price paid by the plaintiff was a very inadequate one. But mere under value is no ground for setting aside a contract, unless it be such as amounts to
 
 apparent fraud,
 
 or the situation of the parties be so un„ equal as to give one of them an opportunity of making his own terms. In such case equity would not lend its aid to execute the contract, but leave the party seeking it to his remedy at law.
 
 Lowther
 
 v.
 
 Lowther,
 
 13 Ves. 103. If the parties were of full age and treated upon equal terms, as to their knowledge of the facts, without imposition, although an inequality of advantage, and even a gross one, be obtained, equity will not in general set aside the con
 
 *157
 
 tract. To this point the case of
 
 Gregor et. al.
 
 v.
 
 Duncan et. al.
 
 ¡8 Desaussure’s Reports, is full authority. See also
 
 Movenden■ on Frauds,
 
 15. Dr. Everitt proves that the defendant had full knowledge of the value of the proper** ty, both real and personal, and placed too high an estimate upon it. If, then, this were a case of mere bargain and sale, there is nothing mads to appear by the evidence, which w’ould authorize the Court to refuse its aid to the plaintiff. But from the evidence it was not one of mere bargain and sale, but of bargain and sale and donation. Mere inadequacy of price, then, can be no evidence whatever oí fraud. Mrs. Potter, the wife of the plaintiff, was ¿he grand-daughter of the defendant, Mrs. Potter. Miss Bishop states, that on Monday morning, after the burial of Samuel Potter, she went to the house of the plaintiff and remained there three weeks; and that the defendant, Mrs. Potter, informed her she intended to make over her right and title to the estate of her husband to Mrs* Potter, the wife of the plaintiff, and her heirs ; that it was nothing more than right that the property should go in that way, as it came by Mr. Potter, and as she had made over her property before she married him and brought him nothing. This conversation took place between nine and ten. o’clock in the morning. This witness further states, that some three or four weeks after the first conversation, the defendant told her, she had conveyed all her interest in her husband’s estate to Mr. Potter ; that he was to pay her two thousand dollars in cash and six hundred a year during her life, furnish her with her board, and a servant, and she said her mind was greatly relieved, and she was perfectly satisfied. It is very certain, that the consideration, upon which a deed is made, is an important part of the contract, and where it is distinctly declared, parol evidence is not more admissible
 
 to
 
 vary it than any other term contained in it; and that the rule is applicable as well to proceedings in equity as at
 
 *158
 
 law. But the evidence is here used, not for the purpose of altering or varying the deed, but to explain why it was, that the defendant was willing to take from the plaintiff a less sum than her interest was worth, to-wit: that he was married to her grand-daughter. As remarked by one of the plaintiff’s counsel, on a question of fraud raised by her, her reason for making such a contract is to be heard. The authorities cited by the defendant’s counsel certainly sustain his proposition, but we do not think they sustain his position. It has been before stated, that inadequacy of price is not a distinct principle of relief in Equity; but that it depends upon the attendant circumstances, which show fraud. 1
 
 Story's Eq. s.
 
 249. And these attendant circumstances must rest in parol. We are of opinion, therefore, that the plaintiff was 'at liberty to show, what was the reason, which influenced the defendant in making the bargain, to repel the charge of fraud.
 

 No answers have been filed by any of the defendants, but Mrs Potter, and the infant, John Baker, who answers by his guardian and submits to such decree as the Court may make : and the bill is taken
 
 pro covfesso
 
 against all the other defendants. The plaintiff is entitled to a decree for the allotment of the dower land, and thereafter to an assignment thereof from the defendant, Mrs. Potter.
 

 Pee Curiam. Decree accordingly.