VARDRY A. McBEE and others, *ex parte.*

A limitation by deed to W. J. S., and his heirs—"for and during the period of his natural life; at his death said property to go to the heirs of his body, to them, their heirs and assigns forever, "—creates a fee simple in W. J. S.; and a limitation *over,* " in default of heirs of his body living at his death," is too remote.

Where the maker of a paper writing died without delivering it, any gift therein contained is void ; and the fact that the donee is *a son* of the donor will not authorize a Court of Equity to assist him as a *meritorious* claimant, in the absence of any declaration of intention by the donor in his favor, other than as contained in the writing,—especially where he is provided for in the will of the deceased, and such assistance is asked *against* other persons equally meritorious.

Real estate ordered by a testator to be sold and the *proceeds* divided amongst certain children, is considered as personalty from the time of his death.

(*Folk* v. *Whitley,* 8 Ire. 133; *Baldwin* v. *Maultsby,* 5 Ire. 505; *Garner* v. *Garner* Bus. Eq. 1; *Newby* v. *Skinner,* 1 D. & B. Eq. 438, cited and approved.)

PETITION for the sale of land for partition, heard upon exceptions to the report of the commissioner, by *Logan, J.* at Spring Term 1868, of the Court of Equity for GASTON.

The petition having been filed by numerous parties, it was referred to a commissioner to inquire and report upon their various titles, and shares therein. In the course of such investigation three questions arose which having been decided by the commissioner and reported accordingly, exceptions were filed by the parties interested adversely to such decision.

The *first* exception was by W. J. Stowe, one of the parties: " In that the commissioner has reported that he is entitled only to an estate for life under the first deed from Abram Stowe. "

That deed gave the share of land in Gaston county to the party excepting, to have and to hold " to him the said William J. Stowe, his heirs, executors and administrators, for and during the period of his natural life, at his death said property to go the heirs of his body, to them their heirs and assigns forever. And in default of heirs of his body living at his death, said property to go to Lavinia J. Pegram and the heirs of her body."

The *second* exception was by the same party: " In that the commissioner has reported that he, W. J. Stowe, takes nothing by the deed of December 1st 1865, executed by A. Stowe in Arkansas."

The paper writing of December 1st 1865, purported to give to W. J. Stowe, described therein as the son of the donor, the share of land in question. It was without a seal. and without a consideration, and was made in the State of Arkansas, of which the donor was then a citizen. It had not been delivered in the life-time of the donor, but after his death was proved (by the subscribing witness) and recorded in a "record office," in Yell County, Arkansas. The case showed that A. Stowe left other children besides W. J. Stowe.

The *third* exception was by E. S. Barrett and wife Mary, (daughter of Eli Hoyle) also parties to the petition: " In that the commissioner has reported that the interest of Eli Hoyle, and Andrew Hoyle's interest in the land became personalty, under the will of Eli Hoyle. "

That will, after giving a considerable sum of money to the widow of the testator, and making other bequests not important in this connexion,—provided as follows: " The proceeds of my whole estate I will and bequeath after the above bequests, debts, and incidental expenses are paid, to my four beloved children, to-wit : Sarah, Mary Ann, Margaret and Andrew, that is to my three daughters and one son, " &c. The remainder of the will is not important.

His Honor below overruled the exceptions, and the parties excepting appealed.

*Phillips & Merrimon,* for the appellants.
*Bynum, contra.*

READE, J.   The first exception is sustained.   The grant to W. J. Stowe, "To have and to hold said land to him, his heirs, executors and administrators, for and during the period of his natural life; at his death, to go to the heirs of his body, to them, their heirs and assigns forever," vests in them an estate tail; and that, by our statute is changed into a fee simple. *Folk* v. *Whitley,* 8 Ire. 133.   The limitation over, "And in default of heirs of his body, living at his death, to go to L. J. Pegram, and the heirs of her body," is void.

The second exception is overruled.   The paper writing in Arkansas was never operative at law, because it had no seal, and was never delivered. *Baldwin* v. *Maultsby,* 5 Ire. 505. Now can it be set up as an imperfectly executed instrument, because of the absence of all evidence, except the mere existence of the paper in the possession of the grantor, as to his purpose in regard thereto, and for want of such a meritorious consideration as is required in such cases.   Adams' Eq. 98. It is true that the grantee is a son of the grantor, and such a relationship is ordinarily deemed a meritorious consideration, but he is not unprovided for, but was the recipient of the testator's bounty to a considerable amount, and there are others who would be injuriously affected, who are in the same degree of relationship, and, so far as it appears to us, equally meritorious objects of the grantor's bounty. *Garner* v. *Garner,* Bus. Eq. 1.

The third exception is overruled.   The share of Eli Hoyle in the King's Mountain tract, under the provision in his will, became personalty, and passes as such to the four children to whom it is bequeathed.   And the same is true of A. Hoyle's interest in said land, and the same passes into the hands of his executors, for the benefit of the persons to whom it is

bequeathed. But it will not be liable to the debts of the testator, if any debts there be, until the personal property proper is exhausted. *Newby* v. *Skinner*, 1 D. & B. Eq. 487.

Whether under the new Constitution, securing to wives all the property which they may acquire, this will be a matter of any moment to Barrett, the party taking the last exception, is not a question before us. This opinion will be certified, &c. The cost will be paid out of the common fund.

PER CURIAM.                                    Decree accordingly.