ALLISON PERKINS and others v. JESSE J. PRESNELL and another.

*Power of Sale in a Will—Statute of Frauds,* § 1554, *The Code.*

1. When, by the terms of a will, power is given to an executor to sell certain lands, the lands descend to the heirs of the devisor until divested by an effectual exercise of the power.

2. Where an executor, having power conferred upon him by the will to sell certain land, exposes the land to public sale, announcing at the time that no deed or contract for title would be given until the price was paid, and the land was bid off by a purchaser, who gave his bond for the price, but received no written acknowledgment of his purchase from the executor ; *Held*, that the sale was a nullity under the statute of frauds, and the heirs of the devisor could recover the possession from the purchaser or those claiming under him.

CIVIL ACTION—EJECTMENT—tried before *MacRae, J.*, at Spring Term, 1887, of BURKE Superior Court.

Judgment for plaintiffs.    Defendants appealed.

The facts are stated in the opinion.

*Mr. C. H. Armfield*, for the plaintiffs.

*Mr. C. M. Busbee*, for the defendants.

SMITH, C. J.    The action is prosecuted by the plaintiffs to recover possession of the rectangular tract of land described in the complaint, and withheld by the defendants, the title to which is brought into controversy in the pleadings, and the only issues submitted to the jury were :

1. Are the plaintiffs the owners and entitled to the land mentioned in the complaint?    The response being in the affirmative.

2. What damages, if any, have the plaintiffs sustained ? The answer returned: One penny.

On the trial the plaintiffs produced in evidence a grant for 100 acres, issued in 1803, to Benjamin White; a deed for the same land, made in 1812, by the grantee to Alexander Perkins, under whom the plaintiffs claim; and then proved, by a witness, these facts : The said Alexander Perkins died a few years before the late civil war, having had three children, Theodore, Thaddeus and Clarissa.    The two sons died in the life-time of their father, the said Theodore leaving one daughter, Clara, who married and died, as did her husband,

without issue. Thaddeus, the next son, left four children, who, except a daughter, are plaintiffs in the action. This daughter, Clara, married Horton, and upon his death, married the defendant Jesse J. Presnell, and then died herself, leaving no issue. In answer to this *prima facie* showing of title, the defendants introduced the will of the deceased ancestor, Alexander Perkins, admitted to probate in 1857, wherein Tod R. Caldwell is nominated executor ; so much of which as bears on the matter in issue, is contained in the second clause or item, and is as follows :

" My will and desire is, that all my debts be paid by my executor as soon as funds may come into his hands sufficient to pay the same, and for this purpose he is to sell the following negro slaves," &c., (designating them by name, and followed by the enumeration of other property, personal and real,) adding, " also one other tract of land, containing about one hundred acres, lying on the head branch of Camp Creek, purchased by me from Benjamin White, and I desire my executor to apply the proceeds of the sale of the foregoing property and lands to the payment of my debts and expenses of executing this will; and if, after paying the same, there remains a surplus in his hands, it shall be disposed of as hereinafter directed."

The defendants exhibited a deed executed in 1863 by Isbell and other heirs at law of Horton, but if they were the children of his wife Clarissa, the fact does not appear, conveying the land in dispute to the defendant Presnell.

The following paper writing was filed as " facts admitted :"

" It is admitted that there was a sale of said land at auction, but that it was announced by the executor at the sale that no bond would be given nor deed made till purchase money was paid for said land ; that Horton bid off the land and gave his note, which note is now in the hands of the administrator d. b. n, c. t. a. of said testator, who is a party plaintiff to this action, though not in that capacity. It is admit-

ted that all of the plaintiffs were of full age before the commencement of this action; that no deed for the land has ever been made by executor or administrator *de bonis non,* nor has the purchase money ever been paid to them, or either of them.

It was admitted that the plaintiffs were heirs at law of Alexander Perkins.

The presiding Judge understood that it was admitted that the debts of the Perkins estate had all been settled; that it was not necessary to sell this land to pay debts.

The contention of defendant Presnell was, that by the will of Alexander Perkins the title to the land in dispute passed out of the heirs at law of Alexander Perkins, or had never vested in them, and that they could not recover as his heirs; and further, that defendant Presnell had title by adverse possession of over 20 years.

The presiding Judge being of opinion that the plaintiffs had shown title to the land in controversy in themselves as heirs of Alexander Perkins, and that there was no evidence of continuous adverse possession of said land in defendant for 20 years, nor of such possession under color of title for 7 years, instructed the jury, that plaintiffs having shown title in themselves, were in law entitled to recover possession of the land.

The jury found the issues in favor of the plaintiffs.

Judgment was rendered for plaintiffs. Defendants appealed to the Supreme Court.

The defendants' claim of title, acquired by possession, having been abandoned, it becomes unnecessary to consider the voluminous testimony reported in the case sent up upon that part of the defence, and we shall confine what we have to say to the other defence.

The defendants' contention in the record is, that the legal estate of the deceased was not at his death transmitted to the heirs at law; or, if it was, it was as an equitable estate,

·equally a bar to the recovery of possession as would be a legal estate divested, and by the executor's sale passed to Horton, and by his heirs conveyed to the defendant Presnell.

Assuming the attempted sale to be a nullity under the Statute of Frauds, the title to the land in controversy, unless embraced in a clause in the 12th section of the will, descended to the heirs at law; and if included in the words, disposing of "all the balance of the lands lying in Burke and Caldwell counties, not heretofore disposed of in the preceding clauses of this will," therein found, the estate in the tract is devised to the executor in trust for the use of his four grandchildren, Allison, John, Thomas and Thaddeus, who are the plaintiffs. The solution of this inquiry is not necessary to a decision of the case on appeal. If the executor is invested merely with a power of sale and the particular land, as specifically mentioned in the second clause, is not embraced in the term " balance," or, more properly speaking, the residue of lands in the counties specified, nor elsewhere devised, the legal estate would descend to and remain in the heirs at law, until divested by an effectual exercise of the power conferred upon the executor. This is ruled in *Ferebee* v. *Proctor*, 2 D. & B., 489; *McLeran* v. *McKethan*, 7 Ired. Eq., 70; *Beam* v. *Jennings*, 89 N. C., 451; and in *Munds* v. *Cassidey*, 98 N. C., 558.

If it be a part of the residue, the equitable estate vested at once in the grandson's devisees, and the legal estate also upon the arrival of Thaddeus at full age, before which, only the legal title was to reside in the executor.

These difficulties being out of the way, the inquiry is, (and such was the contention for the appellants,) did the parol sale, even though the note of the purchaser, Horton, was taken for the price, pass any estate of any kind to obstruct the recovery of possession? And especially when the purpose of the sale is to pay debts and charges of administration, and the debts had all been settled, and there was no

necessity for making the sale? It is too plain, for argument, that the legal estate could only be conveyed by a deed in proper form, executed and registered; and it is not less so, that no equitable estate can be created under a contract not capable of being enforced in equity against the vendor. There must be a *valid obligation* entered into, and to this it is indispensable that it should be in writing, "and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." *The Code*, § 1554. It is no answer to say that a party may assent to perform the contract; he must so *bind himself*, that he can be made, against his will, to perform it, or become answerable in damages if he refuses. As the sale is repudiated, the note for the purchase money should be surrendered.

There is no error, and the judgment must be, and is affirmed.

No error.                                   Affirmed.