## W. C. ORRENDER v. DAVID CALL.

*Will—Devise—Powers—Color of Title—Administration—When Lands regarded as Personalty.*

C devised his lands to his wife for ten years, for the support of some of his children, and directed that at the expiration of that time his widow should have dower allotted her, and the balance of the lands rented by his executor until the death of his wife, "then all my lands to be sold by my executor, and the money divided * * * * equally among my children as they come of age." The executor died before fully executing the will, and three or four years after the death of the widow the land was sold by an administrator *d. b. n. cum testamento annexo : Held,*

1. That the administrator had power to sell and convey the land after the death of the widow.

2. That the proceeds of the sale, as between the devisees, should be regarded as personalty.

3. That no alienation, by the devisees of their estate under the devise, could operate to defeat the powers conferred upon the personal representative.

3. That no conveyances made by the devisees, although accompanied by long possession by the vendees, made before the death of the widow or the sale by the administrator, could operate as color of title.

This is a CIVIL ACTION to recover land, which was tried before *Clark, J.,* at Spring Term, 1888, of the Superior Court of DAVIE County.

The plaintiff claimed title under a deed executed to him by M. R. Chaffin, administrator *de bonis non,* with the will annexed, of David Call, Sr., on the __ day of _____, 1886, and in support of his title offered in evidence:

1. The will of David Call, Sr., deceased, dated July 14th, 1838, which, so far as is material for our consideration, devises to his wife Sarah, his "lands and plantation ten years," for the support of five of his children (naming them),

and at the expiration of the ten years, his said wife is to have " her dower land laid off to her, and the balance of the plantation to be rented out " by his executor during his wife's life-time or widowhood; and it then provides, " at the death of my beloved wife, then all my lands to be sold by my executor, and the money divided, as will hereafter be stated." The division referred to included the proceeds of sale of personal property, to be " equally divided among my children as they come of the age of twenty-one years, to-wit: Polly, James, Ellender, Henry, Sally, Louisa, John, Greenbury, Betsy Ann, David, and Mary Ann."

2. The appointment of M. R. Chaffin as administrator, &c.

3. The deed of said M. R. Chaffin, administrator, &c., showing that, after due advertisement according to law, and according to the provisions of said will, he had publicly sold and by said deed conveyed the land to plaintiff.

4. The plaintiff then offered a record of said County Court, showing an allotment of dower to Sarah Call, widow of said David Call, Sr., deceased, made according to the provisions of said will in 1847. Defendant objected; the dower did not embrace the *locus in quo* and allotment; and was only offered to show execution of provisions of will. Objection overruled by Court, and exceptions by defendant.

There was evidence showing that John Sheek, the executor named in the will, had died many years ago, without having executed trusts and selling the lands as provided for, and that Sarah Call, widow of David Call, Sr., died three or four years before the trial of this cause; and that Berry Call, one of the children and devisees mention in the will, went into possession of the *locus in quo* a year or two before the war, and that he afterwards built a dwelling-house thereon; that during, or about the close of the war, Sarah Call, the widow of David Call, Sr., moved into said dwelling, and remained there until her death; and that the annual rental value of said land was $15 or $20.

The plaintiff then closed, and defendant offered the following testimony, to-wit:

1. A deed from James Call, one of the children of David Call, Sr., to Sarah Call, dated 2d January, 1843, purporting to convey to her his interest to the *locus in quo.*

2. A similar deed from Mary Call, dated 11th February, 1846.

3. A deed from Henry Call, dated 1st April, 1848.

4. A deed from Louisa Call, dated 22d December, 1849.

5. A deed from Robert Orrell and wife, Nellie, dated 29th March, 1848.

6. A deed from John Call, dated October 6th, 1850. All of these deeds were made to Sarah Call.

7. A deed from Jacob Handine and wife, Sarah, who also was one of the children of David Call, Sr., to Berry Call, another of said children, and mentioned in will as Greenberry.

8. A deed from Berry Call to Milton Hobbs, dated 28th October, 1860, purporting to convey his interest in and to the *locus in quo.*

9. A deed from Milton Hobbs to Thos. Furches, dated 26th August, 1861, for same land—all the foregoing deeds having been registered since 1st day of January, 1887.

Defendant also introduced a deed from Thos. Furches, dated 1st April, 1863, to Sarah Call, for the tract of land in controversy. and also deed from Sarah Call to Coleman Foster, one of defendants, dated May 6th, 1872, purporting to convey the land in controversy.

The following issues were submitted to the jury:

1. Is the plaintiff the owner and entitled to possession of the premises, and do the defendants wrongfully withhold possession of the same?

2. What damage has plaintiff sustained?

The jury responded, under the instructions of the Court, " Yes," to the first issue, and to the second issue they responded " Fifteen dollars per year." Judgment was rendered for the plaintiff, and the defendants appealed.

*Mr. John Devereux, Jr.,* for the plaintiff.
*Mr. J. C. Buxton,* for the defendant.

DAVIS, J., (after stating the case.) The first exception is to the record showing the allotment of dower,to the widow, in 1847. ·The widow was entitled, under the will, to the possession of all the land for ten years, and after that her dower was to be allotted, and the evidence was offered to show that the provision of the will in regard to the land had, in this respect, been complied with. It could not prejudice the defendant in any event that we can see, for, whether allotted or not, it could not affect the power of the executor, or, in the event of his death, the power of the administrator *de bonis non,* with the will annexed, to sell the land after the death of the widow; and the on'y material questions presented and discussed relates to the power of the administrator *de bonis non,* with the will annexed, to sell, and the effect of the deeds made by some of the children of the testator, under which the defendant claims title.

We think the administrator, with the will annexed, had the power under the statute to sell, and that the deed from him to the purchaser was valid and conveyed a good title. Rev. Stats., ch. 46, § 34 ; Rev. Code, ch. 46, § 40 ; *The Code,* § 1493 ; *Rogers* v. *Wallace,* 5 Jones, 181; *Council* v. *Averett,* 95 N. C., 131; *Vaughn* v. *Farmer,* 90 N. C., 607, and cases cited. Whatever may have been the effect of the deeds under which the defendants claim they could not operate to defeat the power of the executor, or the administrator with the will annexed, to sell, in accordance with the directions of the .will, after the death of the widow. The proceeds of the land, directed to be sold after the life estate, and divided

among children, will be regarded as personalty. This is settled by *Smith* v. *McRay*, 3 Ired. Eq., 204; *McLeran* v. *McKe-than*, 7 Ired. Eq., 70; *McBee and others, ex parte,* 63 N. C., 332, and many other cases; and whatever might be the effect of the deeds of some of the persons interested in the proceeds of the sale under the will, it could not be to deprive the executor, or administrator with the will annexed, of the power conferred by the will to sell.

*Donoho* v. *Witherspoon,* 70 N. C. 649, and *Brandon* v. *Phelps,* 77 N. C., 44, cited by counsel for defendants, relate to land sold by heirs after two years, and have no application to the case before us, in which the land, by the terms of the will, was not to be sold till after the death of the widow, when it was to be sold by the executor and the proceeds divided, &c. Whether the deeds of the children, under which the plaintiffs claim, operated to convey their interests in the proceeds of the sale, it is not necessary for us to consider. They did not convey the land, nor did they constitute such color of title— as against the executor or administrator with the will annexed, or against the other children, whose rights and interests might require the sale of the land in accordance with the directions of the will—as would be perfected by seven years possession. Certainly, such possession would not be adverse to the rights of the children who did not sell, and who had the right to require the provision of the will to be executed; and, even supposing it to be adverse, it would only begin from the death of the widow, which occurred, the case states, "three or four years before the trial of this cause." *Rogers* v. *Wallace,* 5 Jones, 181; *Hicks* v. *Bullock,* 96 N. C., 164; *Page* v. *Branch,* 97 N. C., 97, and cases cited.

We have not considered the motion of counsel of appellee to dismiss for want of proper assignment of error, because the exceptions plainly appear in the case stated by his Honor below, by whom the case on appeal was settled.

Affirmed.