D. C. FARABOW et al. v. ELIZABETH GREEN et al.

*Devise— Waste—Injunction.*

The testator devised to four of his children a tract of land "in common to their use, or the use and benefit of all of them or either of them during their natural life, and should either E. or R., or both of them marry * * they shall share equally with those of my other children heretofore married. * * I desire it kept in common to their use and benefit during the natural life of either or all of them." After bequeathing personal property upon same limitations he proceeded, "and at the death of the four children above named, all said property then remaining be sold and the proceeds divided between all my lawful heirs": *Held* (1), the four children took a joint estate, with the right of survivorship, for life, with a contingent interest in the fee, subject to the condition that if either E. or R. should marry, her interest in the life-estate should end ; (2), upon the death of the four children, or upon the death of two and the marriage of the other two, the fee became vested in the heirs at law of the testator ; (3), the rule in Shelly's case was not applicable ; (4), the estate of the four children was not impeachable for waste, but they might be enjoined in a proper case from despoiling the inheritance.

CIVIL ACTION for an injunction against waste and for damages, tried at September Term, 1890, of GRANVILLE Superior Court, before *Armfield, J.*

Elijah Green, the ancestor of the plaintiffs and defendants (who, together constitute all of his heirs at law), died about the year 1855, having first made and published his last will and testament, which was duly proved and recorded, and is in form as follows—

\* \* \* \* \* \* \* \*

"First, I give and bequeath unto the four children which is now living with me, namely, Elizabeth, Rachel, Francis and Elijah E. Green, the tract of land whereon I now live, in common to their use or the use and benefit of all of them or either of them during their natural life, and should either

Elizabeth or Rachel or both of them marry, I desire, in that case, that they shall share equally with those of my other children heretofore married, and not with intending the property herein given to the four children herein above named, I desire it to be kept in common to their use and benefit during the natural life of all or either of them, and I also give to the same four children above named, five negroes (slaves), namely, Abram, Daniel, Solomon, Caroline and her child Henry, and all the future increase of said woman Caroline. My one-third part of the mill on the Knapp of Reed Creek and my part of the mill tract of land, three choice horses, ten head of cattle, their choice of all my stock of hogs and sheep, and their choice wagon, all the crop on hand, old and new, and provisions of every description, all my farming utensils, household and kitchen furniture which I may die seized and possessed of, to their own proper use and benefit, in the same way and with the same condition that the land is given, and it is my will and desire that all the residue of my property which is not herein named, be sold to the highest responsible bidder on a credit of one year, and the proceeds of such sale, together with all moneys on hand or otherwise due me, be collected by the proper authority and be placed in the hand or hands of my executor or executors, be properly used to the benefit of the same four children above named, which is now living with me, and at the death of the four children above named, that all said property then remaining be sold on a credit of one year, and the proceeds of such sale be equally divided between all my lawful heirs."

The defendants Elizabeth Green and Rachel Green are the only survivors of the four children mentioned in the devise. They are both now over eighty years old, and neither of them is married. Francis Green and Elijah Green both died without having married. The other plaintiffs and defendants are heirs at law of the testator, except H. T. Stem and _____ Stem, who were lessees of the *feme* defendants,

charged with committing waste in the destruction of timber. There was evidence tending to show that, of three hundred acres in the home place, only eleven acres remained uncleared, and that while it was not good husbandry to clear any of it for cultivation, the *feme* defendants Elizabeth and Rachel Green had permitted the defendant W. H. T. Stem to remove timber for house-logs, and the defendant H. A. Stem to clear five acres of the woodland and haul off and sell valuable timber taken from it.

Upon the verdict returned upon issues submitted, there was judgment restraining all the defendants from committing further waste, and against the tenants for damages, from which defendants appealed.

*Mr. A. W. Graham*, for plaintiffs.
*Messrs. T. C. Fuller* and *J. B. Batchelor*, for defendants.

AVERY, J.—after stating the facts: It seems that the testator not only devised the home place and bequeathed certain specific articles of personal property to the four children, subject to the limitations expressed in the will, but declared it to be his desire that " all the residue of my property " which was not therein named, should be sold and the proceeds of such sale, together with all moneys on hand, should be properly used by his executors for the benefit of the four children named in the will. The home place is devised " unto the four children which is now living with me, namely, Elizabeth, Rachel, Francis and Elijah, during their natural life; and should either Elizabeth or Rachel, or both of them marry, I desire in that case that they share equally with those of my other children heretofore married."

In the latter part of the will, we find a further provision, which must be construed with the foregoing, if we would ascertain the leading purpose of the testator and reconcile any apparently conflicting provisions in such a way as to

give effect to the controlling intent in his mind in distributing his bounty.   He evidently intended to provide a comfortable home and a support from a well stocked farm for his four children during their lives, or that of the survivor, if both daughters remained single; but when one of them should marry, such one should share equally with those children previously married, or should thereafter be entitled to receive nothing under the will until the time should come for a sale for partition according to its terms.   In order to give effect to the two clauses referred to, and bring them into perfect harmony, we must construe his purpose to have been that the sale and division should not necessarily occur at the death of the last survivor of the four, but whenever it should happen that both of the sons, Elijah and Francis, should be dead and both of the daughters should be either dead or married.   Upon the happening of these contingencies "all of said property is to be sold on a credit of one year" and divided "between all my lawful heirs," including either of the daughters, Elizabeth or Rachel, if she should marry while either of the two sons survived or the other sister should be living and unmarried.   Upon the happening of these contingencies, and not sooner, the fee would vest, not in the heirs of any of the children, *eo nomine*, but in the heirs of the testator, and, therefore, not being a conveyance in which an estate for life is given to an ancestor, and also an estate mediately or immediately to his or her heirs, the rule in Shelly's case does not apply.   But as the land is not devised to the executors named in the will to be sold upon the termination of the life-estate, and, as no power is given them in the will to sell, the land must vest, now that the two sons are dead, whenever it shall happen that neither of the daughters shall be living and unmarried, and can be sold for partition when it shall vest by and under the direction of the Court for the persons then in *esse* and entitled to take

under the will. *Gay* v. *Grant*, 101 N. C., 206; *Perkins* v. *Presnell*, 100 N. C., 220; *Orrender* v. *Call*, 101 N. C., 399.

It follows therefore, if we have correctly interpreted the purpose of the testator, that if either of the sisters, Rachel or Elizabeth, should hereafter marry and survive the other, a share of the home place, equal to that descending to the children previously married or their issue, would vest in her. Whatever may be the ages of the sisters, there is certainly, in contemplation of law, a possibility that either may marry, if not have issue. As in the contingency mentioned either of them may take under the will an undivided interest in the fee, neither is within the meaning of our statutes (*The Code*, §§ 624 to 630) a life-tenant, nor is either impeachable for waste, but the plaintiffs must be content with equitable relief by injunction. In the case of *Gordon* v. *Lowther*, 75 N. C., 193, the Court said, in effect, that while persons holding a vested estate for life, coupled with such contingent interests, are not liable in an action for waste, they and their tenants may be restrained from further despoiling and injuring the inheritance, where it appears that they have been removing from the land timber trees not cut down in the course of prudent husbandry. That case was cited with approval in the later case of *Jones* v. *Britton*, 102 N. C., 166. As the Judge permitted the jury to find the facts in response to the issues submitted, and had a right to do so in aid of his conscience, there is no reason for granting a new trial. It is only necessary that the final decree shall be modified so as to provide that all of the defendants, their agents, etc., shall be restrained from committing further waste upon the lands, and to strike out so much of it as adjudges that the plaintiffs shall recover damages of the defendants H. A. Stem and W. T. Stem.

We have carefully reviewed the exceptions to the rulings of the Court in admitting testimony and find them correct, and that the instruction given to the jury was a full, clear

and able exposition of the law governing the liability of life-tenants and tenants for years for damages for waste. The judgment so modified is affirmed, and the plaintiffs will be taxed with one-half the costs of this Court, and the defendants, Elizabeth Green, Rachel Green, W. T. Stem and H. A. Stem, with the residue.

Modified and affirmed.