W. C. ORRENDER v. M. R. CHAFFIN et al.

*Fraud—Evidence—Inadequacy of Price—Trial by Jury,*
*Right to.*

1. Inadequacy of price is not *per se* a sufficient ground for setting aside a conveyance; it is a circumstance, and in some state of facts a badge of fraud, which may be considered in connection with other facts in determining the existence of fraud.

2. Where, upon an issue involving the validity of a conveyance of land made by an administrator, there was evidence that the grantee purchased at an inadequate price, but he testified there was no collusion or understanding between him and the administrator that he should purchase: *Held*, that it was error in the Court to take the case from the jury and direct a verdict that the conveyance was void.

This was a CIVIL ACTION, tried at the Spring Term, 1891, of the Superior Court of DAVIE County, before *Bynum, J.*

The plaintiff brought an action for possession of, and offered the deed of an administrator *c. t. a.* to, the land in controversy, made by virtue of a power contained in the will of David Call, executed in 1838, which power is construed in the case of *Orrender* v. *Call,* 101 N. C., 399, together with the will of David Call.

The defendants claim through conveyances from the heirs at law of David Call, and set up, as a ground of affirmative relief, that there was a fraudulent combination or collusive arrangement between the plaintiff and the administrator to prevent a fair competition of bidders at the administrator's sale of the land, and that by reason of such collusive combination the plaintiff was enabled to buy at a grossly inadequate price. The defendants ask that the sale be declared fraudulent, and the deed executed in pursuance of it be declared void and cancelled.

There were many circumstances shown tending to prove such fraudulent combination, but as the Court directed a finding on the issues for the defendant, it is not necessary to give in full any testimony but that of the plaintiff. His wife was a daughter of Berry Call and a devisee under his will. He testified as follows: " I was present on the day of sale. Chaffin, the administrator, put up the land for sale; Cornatzer stepped up and forbid the sale, and said he had a deed; Taylor did the same; they stopped the sale; Bailey said they were going to sell the land under the will of David Call, Sr., and if any others had any exceptions, to come up; the lands were then put up ; several there; I bid ten dollars on the land; no bid against me; bought the David Call land for five dollars; no other bids; it was knocked off to me; Chaffin did not know I was going to bid; I had no understanding with him.

I signed Chaffin's administration bond; got him to administer; did not talk with counsel about land before sale; I had counsel before sale; got him to examine will; he was also counsel for the administrator Chaffin, and announced the terms of the sale. He said we are going to sell under the will, and asked if others had objections to state it. I paid a low price; there are 61 or 62 acres in the Dave Call place; there are 28 acres in the Cornatzer place; there are 225 or 230 acres in the John Taylor place; the land worth $300 or $400; I sold it for $500. I got Chaffin to administer and signed his bond; don't know what commissions Chaffin got; I made no arrangements with him to get his pay."

The issues submitted, with the responses returned by direction of the Court, were as follows:

1. Is the plaintiff the owner of the land in controversy? No.

2. What damage, if any, has the plaintiff sustained?

3. Was the sale of the administrator invalid as alleged in the answer? Yes.

The plaintiff and the defendant Chaffin both asked instructions. Among the requests by plaintiff, was one that the burden was upon the defendant Conatzer to prove the fraud alleged, and also a guilty participation in the fraud on the part of the plaintiff Orrender. The Court declined to give the instruction, and directed the jury to respond to the first issue, No, and to the third issue, Yes. To the refusal of the Court to give the instructions asked, and to the ruling in directing the issues to be so found by the jury, the plaintff excepted, as also did the defendant Chaffin, and appealed.

*Messrs. E. L. Gaither, J. B. Batchelor, John Devereux, Jr., A. E. Holton* and *T. B. Bailey*, for plaintiff.
*Mr. C. B. Watson*, for defendant.

AVERY, J.: The Judge who tried the cause below erred in taking the issues away from the jury and directing what their findings should be.

There is a class of cases, in which the Court may declare that in any aspect of the evidence the party charged was guilty of fraud, and there is often an admitted state of facts which the Court may tell the jury raises a presumption of fraud, and, in the absence of testimony tending to rebut the *prima facie* proof, the finding of the jury may be directed by the Court. *Berry* v. *Hall*, 105 N. C., 163; *Woodruff* v. *Bowles*, 104 N. C., 197; *Brown* v. *Mitchell*, 102 N. C., 368; *Hardy* v. *Simpson*, 13 Ired., 132; *Costen* v. *McDowell*, 107 N. C., 546; *McLeod* v. *Bullard*, 84 N. C., 515; *Lee* v. *Pearce*, 68 N. C., 76. The case at bar does not fall within either of the classifications mentioned, but involves an issue the affirmative of which it is necessary to sustain by testimony satisfactory to the jury. *Bobbitt* v. *Rodwell*, 105 N. C., 236; *Harding* v. *Long*, 103 N. C., 1; *Lee* v. *Pearce, supra.*

In *Berry* v. *Hall, supra*, the Court say that "the fact that an inadequate price was paid is but a circumstance tending to show fraud, and at most is to be considered a badge of fraud that throws suspicion on the transaction and calls for close scrutiny. * * * Proof of gross inadequacy of price standing alone as a circumstance, in the absence of actual fraud or undue influence, is insufficient to warrant a decree declaring the conveyance void." See also Bump. on Fraud. Con., 76, 77 and 87; Bigelow on Fraud, 136; Kerr on Fraud & M., 189; *Potter* v. *Everett*, 7 Ired. Eq., 158; *Moore* v. *Reed*, 2 Ired. Eq., 580.

In *Osborne* v. *Wilkes*, 108 N. C., 671, this Court said: "Inadequacy of price is not of itself in any case sufficient ground for setting aside a conveyance as fraudulent, but is a suspicious circumstance to be considered in connection with other testimony tending to show fraud in procuring its execution. * * * If additional testimony were offered

tending to show a fraudulent combination to prevent a fair competition of bidders on the part of her husband and others, in which she participated, or of which she had notice before buying, then the jury would be justified in considering the inadequacy of the price paid for the Capps mine in connection with other badges of fraud, and with the fact that she was the wife of the debtor." In that case the Sheriff sold under execution the Capps mine, a tract of land that had once been sold for $13,000, and the wife of the judgment-debtor bought it for five dollars. The Judge below was asked to charge that there was a presumption of fraud in the purchase of the property, but, in lieu of the instruction asked, charged the jury that if the sale was *bona fide,* and not made in pursuance of an arrangement between the husband, acting for the wife, and the Sheriff, to defraud creditors by getting property for a small price, it was valid, though $13,000 worth of property was bought for five dollars.

If the testimony was not such as to show fraud in law, to be declared by the Court, and did not raise a presumption that the land was sold by the administrator and bought by the plaintiff in pursuance of a collusive plan concocted by them, at a totally inadequate price, then the small sum paid by the purchaser was but a badge of fraud to be considered by the jury in connection with other suspicious circumstances in passing upon an issue as to the alleged fraudulent combination between the administrator and the plaintiff to prevent a fair competition of bidders, and to enable the latter to buy the land at the sale at a grossly inadequate price, if such issue was fairly raised by the pleadings. In this case, the plaintiff had the right guaranteed to him by the constitution, to demand that the jury should pass upon the issue involving the question of fraud, after appropriate instructions from the Court, and to pass upon the weight of the testimony, and determine whether it was sufficient to satisfy them that there was such a fraudulent combination to pre-

vent the property from bringing a higher price and to enable the plaintiff to buy it far below its real value. *Berry* v. *Hall, supra.* If the administrator acted in good faith, or if Orrender did not participate in any wrongful purpose on the part of Chaffin, but bought the land upon his own judgment and upon advice as to title, despite the claim of Conatzer and his openly forbidding the sale, then the right of Orrender, as a *bona fide* purchaser, is not impaired or vitiated, because the defendant by his own conduct at the sale enabled him to get the land at a nominal price.

Counsel for the plaintiff contended here (stating that the case was presented in the same way to the Court below), not only that the Judge was warranted in declaring that there was fraud and in taking the case out of the hands of the jury, on the ground that the price paid by the purchaser at execution sale was grossly inadequate, but that the testimony, in the aspect most favorable to the plaintiff, was sufficient to raise a presumption at least, which was not rebutted by the other evidence, that there was a collusive combination between the administrator Chaffin and the plaintiff Orrender, to cause the land to sell and enable the latter to buy at a price out of proportion to its true market value. In answer to this view of the subject we need not look beyond the testimony of Orrender himself, to which counsel referred us. Orrender concluded his testimony with this statement. "*Chaffin did not know I was going to bid; I had no understanding with him.*" If Orrender is to be believed, there was no combination between the administrator and himself, and he had a right to demand that the jury pass upon his own statement, though the evidence of every other witness had been directly in conflict with it. It is true that there were many circumstances, mentioned by counsel that could have been collected and presented to the jury, as tending to show that Orrender's statement was not true. The facts, that he induced Chaffin to administer, signed his bond,

and consulted with his counsel as to the title, and that the administrator advertised to sell in thirty days, refused to postpone the sale and afterwards invited objections to selling, taken in connection with the very great inadequacy of the price and other circumstances, might have been presented by counsel in the argument, as apparently inconsistent with and having a tendency to contradict the plaintiff's statement that he acted in good faith. If the answer distinctly charge a fraudulent combination, or was aided by the answer of Chaffin so as to cure the defective pleading, an issue should have been submitted involving the question whether there was a fraudulent combination. It would seem now, that whatever defect there may be in the allegation of fraud, the answer is aided in this respect by the denial of collusion by the other party. The question whether Conatzer forbade the sale and thereby caused the land to bring a small price, would bear upon the main issue, but would not be decisive of the controversy. If Orrender acted in good faith and the land sold for a song, simply because of the imprudent and unfortunate course pursued by the purchasers, claiming under the heirs at law, the validity of the sale and of the Sheriff's deed cannot be successfully assailed. His Honor should have submitted an appropriate issue involving and decisive of the questions whether the purchase was made in good faith, or whether there was a fraudulent combination which prevented the land from bringing a fair price. In his instruction to the jury, it was his right, and might have been made by proper requests his duty, to recapitulate to the jury all of the testimony tending to establish or to disprove the allegation of fraud set up as a ground of affirmative relief.

Counsel did not insist, with apparent confidence, upon the view that the purchasers from the heirs at law took a good title despite the power of sale contained in the will. We will not, therefore, discuss that subject at any considerable

length, as the will of David Call, Sr., was construed in the case of *Orrender* v. *Call*, 101 N. C., 399, and it was held that the administrator had power under the will to convey the land after the death of his widow. It was also held in that case that no alienation of a devisee operated to defeat the power of sale, and that the possession of the alienee under such deed was not adverse. It will be possible, if any mistake has been made as to the number of devisees under the will, to correct it when another judgment shall be entered.

It was proper to make the administrator Chaffin a party defendant, as it was necessary to have him before the Court before the demand for affirmative relief could be heard and granted.

For the error of the Court in directing the response of the jury to the issues, a new trial must be awarded to the plaintiff.

Error.

APPEAL OF THE DEFENDANT CONATZER.

AVERY, J.: The defendant appeals from the ruling of the Court directing the issues to be found in his favor, and to the refusal to give instructions prayed for. Under the circumstances, it is too plain for argument that there is no error in the ruling of the Court, of which the defendant Conatzer could justly complain. There was no error assigned except that mentioned, which seems to have been the common ground of exception by both parties.

Affirmed.