**AMERICANA OF PUERTO RICO, INC.,**
Plaintiff,

v.

**Samuel R. KAPLUS and J. Kaplus & Son, Inc., Defendants.**

**Civ. A. No. 641–64.**

United States District Court
D. New Jersey.

April 12, 1965,

Clifford W. Starrett of Schenck, Price, Smith & King, Morristown, N. J., Jack L. Cohen, Newark, N. J., for plaintiff.

Barr & Kaplus, Newark, N. J., for defendants.

SHAW, District Judge.

Plaintiff moves pursuant to Rule 56 (F.R.C.P.) with supporting affidavit for summary judgment. Defendants have not filed a counter affidavit and the facts asserted in plaintiff's affidavit in accordance with Rule 56(e) stand admitted for the purposes of this motion.

The pertinent facts are: Plaintiff is a corporation of the Commonwealth of Puerto Rico with its principal place of business at San Juan. Defendant Samuel R. Kaplus, is a citizen of the State of New Jersey and defendant J. Kaplus & Son, Inc. is a corporation of the State of New Jersey having its principal place of business in that state. Plaintiff obtained a judgment against defendants[1]

---

[1] Judgment against the corporate defendant was entered in the name of "Kaplus & Sons, Inc." but it appears by the record of process served on this defend-

in the amount of $10,100 on April 28, 1964 in the Superior Court of Puerto Rico. The fact that the Court had jurisdiction over the parties and the subject matter is not challenged. The judgment entered is conceded to be a valid and enforceable judgment in the Commonwealth of Puerto Rico.

Plaintiff seeks on the basis of the judgment obtained against defendants in Puerto Rico to have judgment entered in this Court against them in the sum of $10,100 together with interest from April 28, 1964 and costs of suit.

Defendants oppose plaintiff's motion on two grounds, to wit: (1) This Court does not have subject matter jurisdiction. (2) The judgment of the Superior Court of Puerto Rico is not entitled to full faith and credit in this Court.

Subject matter jurisdiction is alleged to exist by virtue of 28 U.S.C. § 1332 which provides in pertinent part:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;
*       *       *       *       *       *

"(d) The word 'States', as used in this section includes * * * the Commonwealth of Puerto Rico."

■ Defendants contend that enactment of § 1332(d) is an unconstitutional exercise of legislative power. They argue that Article III of the Constitution limits the judicial power to controversies "between Citizens of different States * * *," and that Congress may not extend such power. Prevailing authority is to the contrary. Congress has the power to confer such jurisdiction as is disputed here upon a federal court by virtue of Article IV, § 3 of the Constitution. Siegmund v. General Commodities Corp., 175 F.2d 952 (9th Cir. 1949); D/ɹtres v. Lions Building Corp., 234 F.2d

596 (7th Cir. 1956); Lummus Company v. Commonwealth Oil Refining Co., 195 F.Supp. 47 (D.C.S.D.N.Y.1961). Also see National Mutual Insurance Co. v. Tidewater Transfer Co., 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949).

■ Defendants argue that the judgment obtained by plaintiff in a competent court of jurisdiction in Puerto Rico is not entitled to full faith and credit in this Court for two reasons: (1) It is not a judgment within the contemplation of 28 U.S.C. § 1738. (2) If it be a judgment contemplated by the provisions of 28 U.S.C. § 1738, to that extent the statute is unconstitutional.

28 U.S.C. § 1738 provides in pertinent part that the judicial proceedings of a territory:

"* * * shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such * * * Territory * * * from which they are taken."

The distinction urged by defendants is that Puerto Rico is a commonwealth and not a territory. This distinction has not been held to have any significance with respect to the application of other statutes. In Moreno Rios v. United States, 256 F.2d 68 (5th Cir. 1958) the question was whether the Narcotic Drugs Import and Export Act continued to be applicable to Puerto Rico after it acquired commonwealth status. The Court stated at 71 & 72:

"If, then, the Congress originally intended to apply the Act to Puerto Rico, it would seem clear, in view of the general provision of the Federal Relations Act to the effect that the statutory laws of the United States not locally inapplicable shall have the same force and effect in Puerto Rico as in the United States, that it was not necessary for the Congress to alter specifically all outstanding stat-

ant that it was named therein as "J. Kaplus & Sons, Inc." and that "J. Kaplus & Sons, Inc." was in fact the corporate defendant against whom the judgment was obtained.

utes thereto previously applicable in order to continue their effectiveness in Puerto Rico after it became a commonwealth in 1952."

The Federal Relations Act referred to in Moreno Rios, supra, provides in relevant part:

"The statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Puerto Rico as in the United States * * *." 48 U.S.C. § 734.

In Detres v. Lions Building Corp., supra, the Court after reviewing the legislative history of the Act giving Puerto Rico commonwealth status (Act of July 3, 1950, c. 446, 64 Stat. 319) stated:

"The above expressions all indicate that the persons interested in and responsible for the Act did not think that Puerto Rico was thereby being changed from a territory to some other political entity.

"The mere change of the name of Puerto Rico to the Commonwealth of Puerto Rico did not change Puerto Rico from a territory to a commonwealth unless its form of government was so changed as to actually make it a commonwealth.

\* \* \* \* \* \*

"Puerto Rico both before and after the adoption and approval of its constitution was a territory of the United States within the meaning of the diversity section of the federal code of civil procedure."

■ The argument that the statute so construed is unconstitutional is likewise without merit. It is true that Article IV, § 1 of the Constitution speaks only of full faith and credit to be given to *state* proceedings. But Congress, by virtue of Article IV, § 3 is vested with full power to legislate for the territories. Simms v. Simms, 175 U.S. 162, 168, 20 S.Ct. 58, 44 L.Ed. 115 (1899). That constitutional authorization certainly includes the power to declare that full faith and credit be given to judgments of territorial courts. In an analogous situation, the Supreme Court held that Congress is not bound solely by Article IV, § 1 when enacting full faith and credit legislation. Discussing an earlier version of the present statute (28 U.S.C. § 1738) the Court in Metcalf v. Watertown, 153 U.S. 671, 676, 14 S.Ct. 947, 949, 38 L.Ed. 861 (1894), said:

"So far as that section relates to the effect to be given to the judicial proceedings of the states, it is founded on article 4, § 1, of the constitution; but the power to prescribe what effect shall be given to the judicial proceedings of the courts of the United States is conferred by other provisions of the constitution, such as those which declare the extent of the judicial power of the United States; which authorize all legislation necessary and proper for executing the powers vested by the constitution in the government of the United States, or in any department or officer thereof, and which declare the supremacy of the power of the national government within the limits of the constitution."

Judgment will be entered in favor of plaintiff and against defendants in the amount of $10,100 with interest computed thereon from April 28, 1964 and costs.

An appropriate order for entry of judgment will be submitted.