Sci. Fa.

Case 87.

June 9.

## Commonwealth *vs* Adkins.

### Error to the Pike Circuit.

#### Recognizances.  Liens.

Judge Breck delivered the opinion of the Court.

The question presented in this case, and the only one deemed necessary to notice is, whether a recognizance, taken to the Commonwealth in a case of felony, is a lien upon the lands which the cognizor has at the time he acknowledges it.

We are not aware that it has ever been so held in Kentucky, and are not disposed, at this late day, to sanction such a principle.

There is no doubt but in England the lien exists, but it seems to be in virtue of statutes which have never been recognized as in force in Kentucky. The statute of 33 *Henry 8th c.* 39, creates a lien upon lands for the payment of all debts due the King, by judgment, recognizance, obligation, or specialty. It is contended that the Commonwealth, in reference to a recognizance, occupies the attitude of the King in England, and that this and other statutes upon the subject, passed prior to the 4th year of the reign of James the 1st, are still in force in Kentucky, except so far as they have been altered or repealed. Although this, as a general proposition, may be true, yet we think these statutes creating

In Ky. entering into a recognizance to the Commonwealth creates no lien upon the estate of the party. Tho' such was the case in England by the statute (33 *Henry the 8th c.* 39,) it has never been regarded as the law in Ky., but all liens existing have been created by statute.

a lien in favor of crown debts, have been virtually repealed in Kentucky. They have never been enforced or recognized here as the law. In all cases where the Commonwealth is a preferred creditor, the preference has been expressly given by statute. All such legislation would have been superfluous and wholly unnecessary, had the English statutes been considered in force.

At common law, judgments created no lien upon lands, and they were not subject to sale by execution. It is true in case of a debt to the King, it was allowed by the common law, for him to take possession of the lands till the debt was paid. But this was upon the principle that he was the superior ultimate proprietor of all landed estates. No such principle or even analogous principle exists in this country.

*At common law judgments gave no lien upon lands nor were they subject to extent, but at the suit of the King, as general proprietor, no, such principle exists here.*

A recognizance can have no higher dignity than a judgment, and no judgment in favor of the Commonwealth, has ever been held to be a lien upon the defendant's estate, certainly none unless such lien was expressly given by statute.

*Judgment in favor of the Commonwealth on recognizances, gives no lien in its behalf, unless by express statute.*

The terms in a recognizance, "to be levied of the goods and chattels, lands and tenements" of the cognizor, we are not inclined to consider as inserted for the purpose of creating an express lien, or as having that effect. Every judgment rendered upon confession or otherwise, is to be enforced in the same way, and implies the same consent, and is effectual for the same purpose. Yet judgments have no lien in Kentucky. But if a recognizance is a lien upon the lands of the cognizor, it is also, in this view of the case, a lien upon his goods and chattels; a principle which would lead to much confusion and tend greatly to embarrass the trade and business transactions of the country, and one which we are not prepared to establish.

Wherefore, the judgment is affirmed.

*Cates, Attorney General,* for Commonwealth; *Barnes* for defendant.