H. F. BRANDON, Administrator, v. R. C. PHELPS and others.

*Special Proceeding--Settlement of Estate--Purchase from Heir--Practice.*

1. An estate, upon which original letters of administration were issued prior to July 1st, 1869, and administration *d. b. n.* granted after that date, is to be dealt with and settled according to the law as it existed prior to that date.

2. In such case, where the heir-at-law conveyed to A the land of the intestate, more than two years after the original letters of administration were issued; *Held,* That the purchaser obtained a good title whether or not he had notice of unpaid debts.

3. In a Special Proceeding where no issue of fact is raised by the pleadings, it is improper to transfer the case to the trial docket. A copy of the pleadings should be sent to the Judge at Chambers for his hearing and decision.

(*Jones* v. *Hemphill, ante* 42, cited and approved.)

SPECIAL PROCEEDING, heard at Spring Term, 1877, of CAS-WELL Superior Court, before *Cox, J.*

The plaintiff's intestate, Thomas L. Gatewood, died in 1855, and Wiley Jones was appointed his administrator, and upon his death, the defendant was appointed administrator *d. b. n.* and qualified as such in 1876. He then filed a peti-tion in the Probate Court of said County to sell the real es-tate of his intestate for assets to pay debts, and upon the is-sues raised in the answer of defendants, the case was trans-ferred to the Superior Court for trial. Mary C. Ball, one of the heirs at law of the said intestate, upon whom his real estate had descended, sold a portion thereof to her co-de-fendant, Phelps, in the year 1871, and the deed conveying the land to Phelps was admitted in evidence. The defend-ants' counsel insisted that there was no issue of fact to be tried by a jury, but that the case was governed by Rev. Code, ch. 46, § 61. His Honor reserving the question of law, submitted the case to the jury, who found that Phelps at the time of his purchase from Mrs. Ball had notice of the outstanding debts against the estate of plaintiff's intestate. Upon the question reserved, it was insisted by the defendants, counsel, that it being admitted two years had expired after the letters of administration issued upon said estate, the said sale was not void, even if the purchaser, Phelps, had notice of the outstanding debts. His Honor being of a con-trary opinion gave judgment that the administrator have license to sell the land, to the end that the debts of his in-testate may be paid. From which judgment the defendant Phelps appealed.

*Mr. W. N. H. Smith,* for plaintiff.

*Messrs. Graham & Graham* and *Walter Clarke,* for defend-ant.

FAIRCLOTH, J. Original letters of administration were

granted in January, 1855. Letters of administration *de bonis non* on the same estate were granted to the plaintiff in 1876, and the heir at law in 1871, sold and conveyed to the defendant some of the real estate of which plaintiff's intestate died seized.

The plaintiff now applies for a license to sell said real estate for assets to pay debts of his intestate still outstanding. It is properly conceded that if the sale had been made more than two years after the original letters were granted and before the Act of 1868–'69, ch. 113, the purchaser, the defendant, would have acquired an absolute title as against creditors, but the plaintiff insists that by virtue of said Act, § 105, he has the right to sell, inasmuch as defendant Phelps purchased with notice that said debts were still unpaid.

His Honor sustained this view and in doing so we think he committed error. If said Act had made it a doubtful question, the subsequent Acts, (Bat. Rev. ch. 45, §§ 58, 101, and the Act of 1872'–73, ch. 179,) removed every shadow of doubt by expressly declaring that cases like the present shall be dealt with, administered, closed up and settled according to the law as it existed just prior to July the 1st, 1869, according to which the purchaser acquired a good title with or without notice of unpaid debts; provided his purchase was more than two years after original letters were issued.

As notice was immaterial it was unnecessary to submit such an issue to the jury, and as no issue of fact was raised by the pleadings, the case was improperly transferred to the trial docket. A copy of the record should have been sent to the Judge at Chambers for his hearing and decision, and thereafter be transmitted by him to the Probate Court for further proceedings. See *Jones* v. *Hemphill, ante* 42.

There is error.

PER CURIAM.                       Judgment reversed.