## Case No. 16,242.

### UNITED STATES v. SCOTT et al.

[3 Woods, 334.] [1]

Circuit Court, W. D. Texas. June Term, 1878.

JUDGMENTS—LIEN ON LANDS—EQUITY—PLEADINGS AS EVIDENCE.

1. A judgment rendered by the United States circuit court for the Western district of Texas is a lien upon all the lands of the defendant within the district, without being recorded in the several counties where his lands lie.

[Cited in Cooke v. Avery, 147 U. S. 390, 13 Sup. Ct. 346.]

[Cited in brief in State v. Smalley, 50 Vt. 741.]

2. Where a suit in equity is submitted on bill and answer, the answer must be taken as true, and where it denies the case made by the bill, the bill must be dismissed.

In equity. Heard on bill and answer. This was a bill filed to set aside a deed for fifty-seven sections of land made by the defendant William T. Scott to his co-defendant Hiram G. Austin. The bill alleged in substance as follows: Scott was surety on the bond of the late collector of internal revenue, who had died in default to the United States in the sum of $127,000. The penalty of the bond was $50,000. Suit was brought against Scott, on said bond, in United States circuit court for the Western district of Texas, and on December 11, 1873, a judgment was rendered against him, in favor of the United States, for the full amount of the penalty of the bond. That on October 3, 1873, Scott was the owner of fifty-seven sections of land in Bexar county, in the Western district of Texas. On that day he was largely indebted to the United States, and in failing circumstances. Nevertheless, he made a deed of that date for said land to his son-in-law, the said Austin. This deed was not acknowledged until December 15, 1873, and was not recorded till January 14, 1874. Austin, at the date of the deed, knew of the pendency of the suit against Scott. The deed was without consideration, and was made by Scott and accepted by Austin, as a device to hinder, delay and defraud the creditors of Scott, and especially the United States. The bill further averred that, by

virtue of its judgment, the United States had acquired a lien upon said lands, and that said conveyance was a cloud upon the title. The bill prayed that said deed might be declared fraudulent and void, and the lands subjected to the payment of the judgment against Scott, in favor of the United States. The answer denied that the judgment was a lien upon the lands, and traversed all the averments of fraud made in the bill. The cause was submitted on bill and answer.

A. J. Evans, U. S. Atty.

C. S. West, for defendants.

BRADLEY, Circuit Justice. The defendants contend that the judgment was not a lien upon the lands until it was recorded in the county where the lands lie. I do not think this position is tenable. The judgment is a lien upon all lands in the district within the jurisdiction of the court, and within reach of its process.

But whether so or not is not a question in this cause since that is a matter affecting the legal rights of the parties. This suit was brought to remove the cloud on the title which it was supposed the deed created, and was based on an allegation that the deed was made to defraud the United States. The defendants answered the bill fully, denying all fraudulent intent, averring that the deed was made bona fide and for full consideration, and without any reference to the action against Scott, he supposing, as he swears, that there was a good and valid defense to the suit. The plaintiff set the cause down for hearing on bill and answer only, and the answer must be taken as true. The charge of fraud being purged by the answer, and the bill being unsupported by evidence, the bill must be dismissed. Dismissed accordingly.