G. H. RENAN and others v. J. A. BANKS Adm'r, and others.

*Practice—Creditor's Bill—Purchaser of Land from Devisee.*

Where land was conveyed to R by the devisees under a will within less than two years from the grant of letters of administration, and afterwards a creditors' bill is filed for a settlement of the estate, wherein a sale of the land is asked; *Held*, that in such proceeding R cannot set up any equities alleged to exist by reason of the fact that it was an exchange of lands between the devisees and himself, and the land so acquired by them is primarily liable; in such case, the equities alleged to exist must be settled in another action.

(*Donoho* v. *Patterson*, 70 N. C., 649; *Hinton* v. *Whitehurst*, 71 N. C., 66 *Brandon* v. *Phelps*, 77 N. C., 44; *Winfield* v. *Burton*, 79 N. C., 338, cited and approved.)

SPECIAL PROCEEDING commenced in the probate court and tried on appeal at Spring Term, 1880, of CUMBERLAND Superior Court, before *Eure, J.*

The plaintiff for himself and all other creditors of the defendant's testatrix, demanded judgment for an account and settlement of the estate, and for the amount due as alleged in their complaint, and that the property of the same be applied to the satisfaction thereof. The facts are stated in the opinion. The defendant, Rose, appealed from the judgment of the court below.

*Messrs. McRae & Broadfoot* and *N. W. Ray*, for plaintiffs.
*Messrs. Duncan Rose* and *W. A. Guthrie*, for defendant.

SMITH, C. J. Margaret Banks died in June, 1877, leaving a will, which was shortly afterwards proved in the proper court, and, upon the renunciation of the executor named, the defendant, James A. Banks, was appointed administrator to execute the trust thereof. The testatrix left personal property, all of which, except some furniture bequeathed,

has been appropriated to the charges of administration and the payment of debts; and devises two lots owned by her in the town of Fayetteville, one known as the ".Bake-shop lot," to the defendant, (the administrator,) charged with the payment of the debts of the testatrix; and the other on Green street to the defendant, Marion Banks and Margaret wife of A. L. Powell, all of which devisees are children of the testatrix. The unpaid debts upon inquiry are ascertained to be $820.95, and the administrator alleges that he has advanced of his own money in the course of his administration more than the value of the unsold articles of furniture. The "Bake-shop lot" on Bow street has been sold, since the action commenced, under an order in the cause, for the sum of $333; one-fourth whereof was paid in money and the residue secured by bond and retention of title, which reduced by expenses of sale is largely insufficient to pay the debts of the testatrix. No inquiry has been made to ascertain the condition of the administration, and the value of the furniture, by any of the parties interested, for the reason, we must presume, that it would be unprofitable and useless. The lot on Green street has been sold by the devisees to one Thornton and by the latter to the defendant, George M. Rose, and deeds executed within two years after the grant of the letters of administration. The latter alleges that the devisees exchanged the devised lot for a lot on Haymount Hill near the town, and received about six hundred dollars for the difference in value, which exchange the devisees, each in his respective answer, deny; and he asserts a primary liability for the indebtedness to rest upon the last mentioned lot, and equity to require its sale in exoneration of his own.

The probate judge after directing the Bow street lot to be sold and the residue of the indebtedness ascertained by appropriating the proceeds of the sale thereto, and allowing the defendant, G. M. Rose, to discharge his land from lia-

bility by paying or adequately securing the same to be paid within six months with the accrued costs and expenses, proceeds to declare and adjudge:

That upon his failure to do so within ten days after he shall be informed thereof, the " Commissioners shall sell said house and lot on Green street at the market house in said town, first giving thirty days' notice of time and place of sale upon the same terms as above provided for sale of the Bake shop and lot."

From this judgment the defendant, Rose, appealed to the superior court and upon the affirmation of the judge of the superior court, to this court.

We see no error in the ruling of which the appellant can complain. By force of the statute, lands desended or devised remains liable to the demands of the ancestor's creditors for the space of two years after the grant of letters testamentary or of administration, during which all conveyances made by the heir or devisee are " void as to creditors, executors, administrators and collectors of such decedent," while those made afterwards "to *bona fide* purchasers for value and without notice" are valid and effectual to transfer the estate vested in such heir or devisee. Bat. Rev., ch. 45, § 156.

The incapacity of the heir or devisee to divest himself of his estate by contract or deed made during this interval has been repeatedly declared in former adjudications upon the force and effect of the disabling statute. *Donoho* v. *Patterson,* 70 N. C., 649; *Hinton* v. *Whitehurst,* 71 N. C., 66; *Brandon* v. *Phelps,* 77 N. C., 44; *Winfield* v. *Burton,* 79 N. C., 388.

The lot on Green street then remains liable to the creditors of the testatrix, as well after as before the attempted alienation by the devisees, and this land alone as the property of the deceased debtor, under the conferred jurisdiction can be pursued, and by a sale appropriated to the payment of their claims. The equities arising out of the subse

dealings of the devisees with others are entirely foreign to the purposes of the action, and cannot be permitted to obstruct or embarrass its progress towards a speedy determination. These equities must be asserted and settled in another suit between the parties, and are recognized in this only so far as to allow the alleged purchaser to pay the debts and relieve the land. It would be fruitful in inconveniences if new issues could be introduced and new controversies opened, in the settlement of which the administrator and creditors have no interest, to the hindrance of the latter and delay of the former in closing up his administration. The court therefore properly declined to entertain and pass upon the equity set up in the answer of Rose against his co-defendants, as not pertinent to the object of the suit, and proceeded to order the sale of the only land which could be rightfully sold for the payment of debts, if within the limited time they were not otherwise discharged.

There is no error and the judgment is affirmed. Let this be certified for further proceedings in the court below.

No error.                                    Affirmed.