CAMP MANUFACTURING COMPANY v. A. T. LIVERMAN, P. C. JENKINS, W. W. JENKINS, B. F. RENFROW, M. F. RABY, E. E. JENKINS, P. C. TYLER and PULASKI TYLER.

(Decided October 10, 1898.)

*Partial Devise — Testator — Creditors — Real Assets, How Applied — Parol Partition — Re-sale.*

1. Upon deficiency of personal assets, the land undevised to be next subjected to the payment of creditors.

2. Land specifically devised not to be resorted to, unless the undevised land proves insufficient.

3. Parol partition cannot be sustained where *feme coverts* and infants are interested.

4. A re-sale will be ordered, where the first sale made is accompanied by circumstances calculated to arouse the suspicions of the Court.

CIVIL ACTION to set aside a judicial sale of land, and for a re-sale, tried before *Norwood, J*, at Spring Term, 1898, of HERTFORD Superior Court.

W. P. Jenkins died in July, 1886, leaving a will in which two of his sons, W. W. Jenkins and P. C. Jenkins, were named executors, and who qualified on 21st July, 1886. He left surviving him his widow, E. E. Jenkins, and the following children: P. C. Jenkins, W. W. Jenkins, M. F. Raby, wife of C. W. Raby, Stella Jenkins, under age; and grandchildren, P. C. Tyler and

Pulaski Tyler, infant sons of a deceased daughter, his heirs at law.

He owned at the time of his death 837 acres, which descended to his heirs, except 200 acres, including his residence, which he devised to his wife and his daughter Stella, to be theirs jointly and to be Stella's after the death of her mother. Should Stella die without issue the property to be divided among her half-brothers and sisters, or their heirs. Stella married the defendant, Renfrow in December, 1893, and died without issue in 1894, her mother surviving her.

After the death of testator his children occupied separate portions of the land under a parol arrangement among themselves.

In March, 1888, M. F. Raby and her husband sold to one A. W. Taylor, for full value, the timber trees on the portion of land occupied by them. The defendant, A. T. Liverman, who held a mortgage on the property, joined in the conveyance, and received payment of his debt out of the proceeds of sale; also in March, 1888, W. W. Jenkins and wife sold to said Taylor the timber trees on the portion of land occupied by them. On June 6, 1888, Taylor sold and conveyed whatever interest he had under these two deeds to the plaintiff. On February 9, 1893, Mrs. E. E. Jenkins, the widow, and Stella Jenkins sold and conveyed for full value the pine trees on their 200 acres to plaintiff.

The personal property of the testator proved to be insufficient to pay his debts, and his executors taking no steps to subject the land for sale as assets, certain creditors of the testator, including A. T. Liverman, instituted a creditors' bill against his executors, heirs, and devisees, to have the 200 acres, devised to the widow and

Stella, sold to pay their claims, and obtained a decree of sale to be made by a commissioner.

Upon the day of sale, April 5, 1895, the defendants in the creditors suit signed an agreement to have the pleadings and orders so amended at Spring Term, 1895, as to describe and embrace the whole of the lands of the late W. P. Jenkins, and it was agreed that the whole of said lands, to-wit, the home place, containing about 736 acres, and the Joyner place, containing about 100 acres, may be sold on Monday, the first day of the Spring Term, 1895, by the commissioner in said suit, and reported to the Court as if the same had been described fully in the order of sale.

It is further agreed that if any one of the signers of this agreement should become the purchaser of said lands at said sale, then he shall reconvey to the heir at law or devisee or his assign or grantee or other party succeeding to his or her right that part of said land, which was allotted to said heir or devisee in the former division of said land between said heirs or devisees upon the payment by said heir, devisee or other party succeeding to his or her right of his or her part of said purchase money, with interest, and also upon his paying over and settling all amounts due by him to any of said parties or legatees or distributees of the estate of said W. P. Jenkins, provided said party or parties desiring to redeem any part of said land under this agreement, shall do so within 7 months and 15 days from day of sale.

The defendant, A. T. Liverman, signed and sealed this agreement, and became the purchaser at said sale at the price of $1,575, which was paid and title made after the confirmation of sale. There was evidence that the land sold was worth between $3,000 and $4,000.

CAMP MANUFACTURING Co. *v.* LIVERMAN.

The present action against Liverman, the purchaser, and the heirs at law of W. P. Jenkins is to have this sale, the consent decrees, orders and conveyances set aside so far as they affect plaintiff's right to the timber trees upon said lands and the plaintiff's right to said trees be declared good against the defendants.

At the close of plaintiff's evidence, defendants moved for judgment of non suit, which was allowed by the Court, and plaintiff appealed.

*Mr. George Cowper, Messrs. Winborne & Lawrence* and *Mr. Francis D. Winston,* for plaintiff (appellant).

No counsel *contra.*

FURCHES, J.: W. P. Jenkins died in July, 1886, having first made a last will and testament, which was duly admitted to probate. Said Jenkins, at the time of his death, was the owner of something over 800 acres of land, and by his will he devised 200 acres "lying in the angle formed by the St. John and Woodland's road, also including the dwelling house and out-buildings which I now occupy, to my beloved wife and daughter Stella." "This gift shall be theirs jointly and Stella's after the death of her mother (my wife). Should Stella die without issue, this said property shall be divided among her half brothers and sisters or their heirs." But the testator does not dispose of any other part of his lands by said will. This being so, he died intestate as to all other lands except the 200 acres thus willed to his wife and his daughter Stella. The said W. P. Jenkins left other children and grand children surviving him, besides Stella, to-wit, P. C. Jenkins, W. W. Jenkins, M. F. Raby, wife of C. W. Raby, and two grand-children, to-wit, H. C. Tyler and Pulaski Tyler, sons of a

deceased daughter. And it seems to be conceded that he did not leave sufficient personal property to pay his debts, and that it was and is necessary to sell lands to pay his debts.

After his death the children had a parol partition of the land, and within less than two years from the death the testator, W. P. Jenkins, the plaintiff bought growing timber standing on the land of Raby and wife and W. W. Jenkins, according to their parol partition. (It is admitted that these purchases were within two years from the death of the ancestor). The plaintiff also bought timber growing on the lands willed to the widow and Stella. But this transaction seems to have taken place more than two years after the death of the testator. The said Stella married the defendant Renfrow and soon thereafter died without having issue; and since the commencement of this action W. W. Jenkins has died, and neither his personal representative nor his heirs at law have been made parties to this action.

The executors named in the will of W. P. Jenkins, failing to pay the debts of the estate of their testator and failing to take steps to convert real estate into assets for that purpose, the creditors in 1893 commenced proceedings against the executors and the heirs at law of the testator to sell lands for assets to pay debts. The complaint, as originally filed, only asked a sale of the 200 acres devised to the widow and the daughter Stella. But afterwards, and on the day of sale, by consent of the parties, the pleadings were amended so as to include all the lands of which the testator died seized, and the decree theretofore had was amended so as to include all his lands. Under this amended order they were all sold and purchased by the defendant Liverman at the price

of $1,575, although there is evidence tending to show that the lands were worth $3,700 or $4,000.

It is provided in this agreement to amend the pleadings and order of sale, so as to include all the lands, that if any of the parties thereto shall buy the lands, any of the heirs shall have seven months and a half to redeem their parts. In other words, if Liverman bought, the heirs should have seven and a half months to redeem, and Liverman was one of the signers to this paper, and it appears that the heirs are still in possession of the lands

This is a case of singular complications, and we have had much trouble in arriving at a satisfactory solution of the matters involved. We are asked by the same attorneys, who brought the creditor's suit and obtained the order under which the lands were sold, to set aside this sale for irregularity and fraud. The testator was the owner of a large landed estate embracing more than 800 acres. Of this large estate he willed 200 acres to his wife and daughter Stella, jointly, with a contingent remainder over, upon Stella's death without issue, to her half brothers and sisters. This contingency has happened and the half brothers and sisters of Stella have become the owners of this remainder, not as her heirs as was contended by plaintiff, but under the will of W. P. Jenkins. This 200 acres, specifically devised, was not subject to the payment of the debts of the testator until the 600 and odd acres, not devised, were first appropriated. And it would seem from the amount of debts proved and the value put upon the land, that the undevised land would have been amply sufficient to have paid all the debts and proper costs of administration. But singular as it may seem, the complaint as originally drawn only asked for the sale of the *two hun-*

*dred* acres willed to the widow and the daughter Stella, and the original order was drawn in this way. It may be, if this order had not been changed by the agreement of the parties and the defendant Liverman that they would have lost their rights, and the widow, who seems to have been the special object of the testator's bounty, would be without a home. But owing to the fact that the complaint was changed, and the order of sale changed so as to include all the land on the very day the land was sold, and this sale made and confirmed on the same day it was made, although there were *femes covert* and infant children interested; and this under an agreement that if the defendant Liverman became the purchaser, the parties to this agreement should have 7 months and 15 days to redeem; and when it appears that said defendant purchased the land for less than one-half its value; that these heirs are still in possession and insisting on their rights under this sale; which causes us to look at the whole proceeding with suspicion. It does not seem to us that the widow, who seems to be the stepmother of the other children, except Stella, who seems to have been a half sister and a minor at the time this proceeding was had, has been fairly dealt with. The consent paper seems to have been more in the nature of a mortgage to raise money to pay the debts of the estate than to procure a *bona fide* sale of the property, in which was included the 200 acres willed to the widow and Stella, and which they had no right to sell unless the unwilled lands proved insufficient to discharge the debts.

The parol partition set up by the plaintiff cannot be sustained where there is a *feme covert* and two infant children at the time it is alleged it took place, interested in the land, who were incapable of making any such

partition.   We do not say that we would sustain it without this, but with this we certainly cannot.

Our opinion then is, that this sale should be set aside, that the personal representative and heirs at law of W. W. Jenkins should be made parties defendant, that an order should then be made in this proceeding (all the parties being before the Court) to first sell all the lands not willed to the widow and Stella, and, if they bring enough to pay the debts mentioned in the petition to sell land, that the other lands so willed to the widow and Stella should not be sold.   If the unwilled lands should not bring enough to pay the debts, as above stated, and it becomes necessary to resort to the lands so willed, they should be sold subject to the life estate of the widow, and that her life estate should only be sold in the event that this and the rest and residue of the lands do not bring enough to pay the debts; that out of the proceeds of said sale the defendant Liverman be first paid the money he has paid on the sale theretofore had; that the residue, if any after this, be divided among the heirs at law, but the plaintiff be paid out of the share of Raby and wife the amount he paid them for timber, with interest thereon; and the residue of their part, if any, be paid to Mrs. Raby; that the same thing be done as to the heirs of W. W. Jenkins, and the defendant Liverman; that as Mrs. Jenkins and Stella sold to plaintiff more than two years after the death of the testator and as plaintiff denies that he had any knowledge, at the time he purchased of them, of any outstanding debts (and this seems not to be disputed by defendants) it would seem that this sale will stand.

The case will be proceeded with as directed in this opinion.

There is error.                                     Error.