## CAMP MFG. CO. v. LIVERMAN.

(Filed March 12, 1901.)

1. DESCENT AND DISTRIBUTION—*Deeds*—*The Code, Sec.. 1442.*

   A deed conveying timber on land inherited by the grantors is
   void as to creditors of intestate if made within two years
   after the granting of letters testamentary.

2. ESTATES—*Life Estates*—*Deed*—*Remaindermen.*

   A life tenant cannot by deed convey timber standing on land at
   the time of his death.

ACTION by the Camp Manufacturing Company against
A. T. Liverman, P. C. Jenkins, W. W. Jenkins, B. F. Ren-
frow, M. F. Raby, E. E. Jenkins, P. C. Tyler and Pulaski
Tyler, heard by Judge *A. L. Coble,* at April Term, 1900, of
HERTFORD County Superior Court. From a judgment for
the plaintiff, the defendant Renfrow appealed.

*Winborne & Lawrence, F. D. Winston,* and *George Cowper,*
for the plaintiff.

*Pruden & Pruden,* and *Shepherd & Shepherd,* for the de-
fendant.

MONTGOMERY, J. The defendant Renfrow, the only ap-
pellant in the case, in his original answer, set up title to the
tract of land of 200 acres which was specifically devised by
W. P. Jenkins, deceased, in his will to his wife and daughter
Stella. He claims the land under a deed alleged to have been
executed to him by the half-brothers and sisters of Stella
(more than two years after the granting of letters testa-
mentary on the estate of W. P. Jenkins, but after proceedings
had been commenced to sell the land to make assets to pay
debts), the persons named in the will, who were to take the
land in remainder after the death of Stella if she died with-

out issue. She intermarried with the appellant Renfrow and died without issue. That claim of the appellant Renfrow has never been passed on. He has not had his day in Court. Other children of the testator W. P. Jenkins had executed a deed to the plaintiff to the timber on the land, which was devised to them by their father. But the deeds to the same were executed within two years of the grant of letters testamentary and were therefore void as to the creditors of the testator W. P. Jenkins. Stella and her mother had conveyed to the plaintiff the timber on the land which was devised to them after two years from the granting of letters testamentary, and the deed itself, if it had conveyed anything, was not void under section 1442 of The Code.

The contention of the appellant Renfrow is that the deed to him by the half-brothers and sisters of Stella conveys the timber and all else that is on the land to him, subject to be sold for the debts of the testator if the other lands of the testator should not be sufficient for that purpose, and that the deed of Stella and her mother to the plaintiff, though not void under section 1442 of The Code, yet conveys nothing, for the reason that neither Stella nor her mother had the right to convey the timber on the land, especially that part of the timber standing on the land at the time of Stella's death. The last words of the opinion in this case reported in 123 N. C., 7, had reference to the *time* of the execution of the deed from Stella and her mother to the plaintiff as not being void under section 1442 of The Code, and not to any *interest* or *estate* which might have been conveyed in the deed. His honor put the reverse construction upon the words above referred to, and in his judgment substantially decreed title to the timber in the tract devised to Stella and her mother in the plaintiff. His Honor was misled by the lack of clearness in the expression in the opinion above referred to; hence the error in the judgment.

An issue must be submitted to the jury as to the claim of the appellant Renfrow, and if it should be found that he is the owner of the land and timber claimed by him, *i. e.,* the two hundred acre tract, then he would be entitled to whatever might remain over of the proceeds of the land sales after the payment of the debts of the testator; or, if it should not be necessary to sell that tract under the former opinion of this Court in this case, then he would be entitled to a decree to the tract of land itself and its possession with the timber standing upon it. The case is remanded for future orders of the Court below.

Reversed.