### UNITED STATES v. MINOR et al.

#### (Circuit Court of Appeals, Fourth Circuit. July 7, 1916.)

#### No. 1438.

1. JUDGMENT ☞760—LIMITATION OF ACTIONS ☞11(1)—UNITED STATES ☞ 133—LACHES OF OFFICERS.

Act Aug. 1, 1888, c. 729, § 1, 25 Stat. 357 (Comp. St. 1913, § 1606), provides that judgments of District and Circuit Courts shall be liens as if rendered by state courts, but only when authorized to be docketed and docketed under state laws. Laws N. C. 1889, c. 439, allows docketing of federal judgments by clerks of superior courts. Rev. St. § 967 (Comp. St. 1913, § 1608), provides that judgments and decrees in Circuit and District Courts in any state shall cease to be liens on real estate and chattels real in the same manner and at like periods that those of the state courts cease to be liens. Pell's Revisal, N. C. § 574, provides that judgments directing payment of money, when duly docketed, shall be liens on real estate for 10 years, and section 391 fixes the period of limitation of actions on judgments at 10 years. Held, that since the United States may take the benefit of any state or federal statute, though not bound by its limitations, judgments, though prior to 1888, in favor of the United States against the surety on distillers' bonds became liens on real estate of the surety, and were not barred by the North Carolina limitation, though if in favor of a citizen they would have been barred nor can the right of collection be defeated by laches of officers of the United States.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1315; Dec. Dig. ☞760; Limitation of Actions, Cent. Dig. §§ 35, 36; Dec. Dig. ☞11(1); United States, Cent. Dig. §§ 127, 128; Dec. Dig. ☞133.]

2. PARTITION ☞116(2)—SALES—EFFECT AS AGAINST CREDITORS.

Where the heirs secured sale on partition, and the deed was made before administration of the estate, the sale was binding only on the heirs, who were the only parties, and, not having been made two years after administration, could not affect rights of the United States to collect former judgments against decedent; Pell's Revisal, N. C. § 70, providing that conveyances by heirs to bona fide purchasers two years after grant-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing letters of administration shall be valid even as against creditors, but if made before such time, shall be void.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 315; Dec. Dig. ☞116(2).]

Appeal from the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd, Judge.

Bill in equity by the United States against J. B. Minor, administrator of C. O. Ward, deceased, and others. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Thomas S. Beall, Asst. U. S. Atty., of Greensboro, N. C. (W. C. Hammer, U. S. Atty., of Ashboro, N. C., on the brief), for the United States.

G. S. Bradshaw, of Greensboro, N. C., for appellees.

Before KNAPP and WOODS, Circuit Judges, and JOHNSON, District Judge.

WOODS, Circuit Judge. This appeal is from a decree of the District Court dismissing a bill filed in the United States to subject lands of the estate of C. O. Ward, deceased, to the payment of judgments of the Circuit Court of the United States in favor of the United States against Ward as surety on the distiller's bonds of Joseph A. Davis. The judgments, seven in number, aggregated, including costs, $736.26, subject to payments amounting to $131.97. They were rendered at different times in 1881, 1884, and 1885, and the main question is whether the action on them to subject the land of the deceased to their payment is barred by the statute of limitations, or the lapse of time.

[1] The statute of North Carolina, Pell's Revisal, § 574, provides that judgments directing the payment of money when duly docketed shall be liens on real estate for the term of ten years. By section 391 the period of limitation of actions on judgments is fixed by the state law at ten years from the date of rendition.

The federal statute in force at the date of the judgment (Revised Statutes, § 967 [Comp. St. 1913, § 1608]), provides:

"Judgments and decrees rendered in a Circuit or District Court, within any state, shall cease to be liens on real estate or chattels real, in the same manner and at like periods as judgments and decrees of the courts of such state cease * * * to be liens by law."

By the federal statute of 1888 it was enacted that:

"Judgments and decrees rendered in a Circuit or District Court of the United States within any state, shall be liens on property throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state; provided, that whenever the laws of any state require a judgment or decree of a state court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner, or in a certain office or county, or parish in the state of Louisiana before a lien shall attach, this act shall be applicable therein whenever and only whenever the laws of such state shall authorize the judgments and decrees of the United States Courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the state." Act Aug. 1, 1888, c. 729, § 1, 25 Stat. 357 (Comp. St. 1913, § 1606).

This last statute came into operation as to judgments rendered in the federal courts in the state of North Carolina by virtue of the state statute of 1889, providing for docketing of such judgments by the clerks of the superior courts of the state.

The judgments now before us became liens under section 967 of the Revised Statutes of the United States, above quoted, which was in force at the date they were recovered. United States v. Scott, 27 Fed. Cas. 999; Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. 340, 37 L. Ed. 209.

Had the judgments been in favor of a citizen, by the terms of the federal statute, they would have ceased to be liens at the expiration of the ten years fixed as the life of the lien by the state statute, and of course no action could now be maintained to enforce them as liens. But it is established beyond all controversy that the rights of the United States cannot be impaired by the lapse of time provided as a bar by the laws of the states, and that the federal government will be held to be excepted from federal statutes of limitation unless the intention to include it plainly appears. Under the same reasoning that the rights of the nation are not to be impaired by the enforcement of such state statutes, its rights cannot be defeated by the laches of its officers.

"It is settled beyond doubt or controversy—upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided—that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless Congress has clearly manifested its intention that they shall be so bound." Ex parte John A. Davenport, 6 Pet. 443, *661, 8 L. Ed. 537; United States v. Jacob Knights et al., 14 Pet. 251, *301, 10 L. Ed. 465: Gibson v. Chouteau, 80 U. S. (13 Wall.) 92, 20 L. Ed. 534; United States v. Thompson, 98 U. S. 486, 25 L. Ed. 194; Fink v. O'Neil, 106 U. S. 272, 1 Sup. Ct. 325, 27 L. Ed. 196; United States v. Nashville, Chattanooga & St. Louis Railway Co., 118 U. S. 120, 6 Sup. Ct. 1006, 30 L. Ed. 81; United States v. Insley, 130 U. S. 263, 9 Sup. Ct. 485, 32 L. Ed. 968; United States v. American Bell Telephone Co., 159 U. S. 548, 16 Sup. Ct. 69, 40 L. Ed. 255; note to Bannock v. Bell, 101 Am. St. Rep. 173.

This principle extends to the proposition that the United States may take the benefit of any state or federal statute though it is not bound by its limitations. Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; Stanley v. Schwalby, 147 U. S. 508, 13 Sup. Ct. 418, 37 L. Ed. 259.

So in these cases the United States was entitled to assert the lien of its judgments under the federal and state statutes without subjecting itself to the limitation that the lien should expire in ten years.

[2] It remains to consider the effect of section 70 of the Revisal of North Carolina, which provides:

"All conveyances of real property of any decedent made by any devisee or heir at law, within two years from the grant of letters, shall be void as to the creditors, executors, administrators and collectors of such decedent; but such conveyances to bona fide purchasers for value and without notice, if made after two years from the grant of letters, shall be valid even as against creditors."

Ward died intestate in 1900. Administration of his estate was not granted until March 26, 1912. Before administration, on November

20, 1909, the heirs of Ward instituted proceedings for partition, under which the land was sold to M. J. Wrenn for $2,018. The sale was confirmed by order of the state court May 20, 1910, and conveyance made to the purchaser May 23, 1910. This sale was binding only on the heirs of Ward, as they were the only parties to the proceeding. It was in effect a conveyance made by the heirs, and not having been made two years after the administration, it could not affect the rights of the United States as the holder of valid judgment liens, on the land. Renan v. Bank, 83 N. C. 485; Davis v. Perry, 96 N. C. 260, 1 S. E. 610; Camp Mfg. Co. v. Liverman, 128 N. C. 52, 38 S. E. 27.

The case is a hard one on the purchaser of the land, but his misfortune results from the disregard by him of established legal principles, which the court must enforce.

The decree of the District Court is reversed, and the case remanded for further proceedings in accordance with this opinion.

Reversed.