### UNITED STATES v. MINOR et al.

(Circuit Court of Appeals, Fourth Circuit. October 1, 1918.)

No. 1621.

1. DESCENT AND DISTRIBUTION ⬥138 — LANDS OF DECEASED JUDGMENT DEBTOR—JURISDICTION OF EQUITY.

The federal District Court has jurisdiction of a bill in equity by the United States to subject to payment of a judgment North Carolina land which had descended to heirs of the judgment debtor; there being no personal assets, and it being necessary to bring in the heirs, etc., for, since Laws 1846–47, c. 1, lands descended to heirs of the judgment debtor cannot be sold on execution, etc., and Revisal N. C. 1905, § 68, conferred jurisdiction on the superior court to grant relief, etc.

2. CREDITORS' SUIT ⬥1—JURISDICTION.

Courts of equity have jurisdiction to entertain suits in the nature of creditors' bills for the purpose of administering estates, marshaling assets, and adjusting equities.

Appeal from the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd, Judge.

Bill by the United States against J. B. Minor, administrator of C. O. Ward, deceased, and others. From a decree dismissing the bill (243 Fed. 953), complainant appeals. Reversed.

William C. Hammer, U. S. Atty., of Ashboro, N. C., for appellant. George S. Bradshaw, of Greensboro, N. C., for appellee.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

CONNOR, District Judge. This cause was before the court at the May term, 1916. 235 Fed. 101, 148 C. C. A. 595. The facts material to the decision of this appeal are set forth in the opinion of Judge Woods. The court, in that appeal, having held that the cause of action on the judgments recovered by plaintiff, was not barred by the statute of limitation, the district attorney presented to the court a decree directing that the lands described in the bill, which descended to

defendants, heirs at law of the judgment debtor, C. O. Ward, deceased, and conveyed by them to defendant M. J. Wrenn, be sold for the payment of the judgments. The District Judge, for the reasons set out in his opinion, in the record, declined to sign the decree, and dismissed the bill. From this decree, the district attorney appealed. The District Judge, giving full force to the decision of this court, was of the opinion that the collection of the judgments should be enforced by an execution, or writ of fieri facias. Recognizing the fact that the defendants, heirs at law, and the purchasers of the land were entitled to a day in court, before the lands were subjected to sale, he suggests that this could have been accomplished by motion in the original cause, with a citation to them to show cause why the writ should not issue—that the bill in equity could not be entertained.

[1, 2] The learned judge overlooked the fact that by the laws of the state of North Carolina lands descending to the heirs of a judgment debtor cannot be sold under execution issuing on the judgment. The act of the Legislature of 1784 (chapter 1) gave to the judgment creditor of a person deceased, the right to have a writ of scire facias issue to the heirs at law, directing them to show cause why an execution should not issue. Upon the return of the writ, the heirs could, upon proper averment, have an issue tried to ascertain whether there were any personal assets in the hands of the administrator. If this issue was found against the heirs, execution issued against the lands. This statute was repealed by the act of 1846 (Laws 1846–47, c. 1), and provision made for subjecting the lands of the deceased debtor by means of a petition by the administrator, filed in the court of pleas and quarter sessions. Richmond Cedar Works v. Stringfellow (D. C.) 236 Fed. 264. Jurisdiction was thereafter conferred upon the superior court to grant relief. Rev. 1905, c. 1, § 68.

Lands descended cannot be sold under execution. To do so would disturb the statutory system prescribing the method of administration of estates of deceased persons. In this case it may have been more orderly for the administrator to have proceeded under the statute. It has been held by the Supreme Court of this state that, if he fails to do so, the creditor may institute the proceeding. Courts of equity have jurisdiction to entertain suits in the nature of creditors' bills for the purpose of administering estates, marshaling assets, and adjusting equities. Adams' Equity, 257.

In view of the fact that it was necessary to "bring in" the heir and the purchaser, we can see no valid reason why the court of equity is not the proper tribunal for enforcing the remedy which the United States had to collect the judgments. It may, by its decree, adjust any rights which the purchaser may have against the heirs and apportion their liability to him. It is conceded that the administrator has no personal assets, and that there are no other debts outstanding or liens against the land—no other persons than the plaintiff and defendants have any rights or interests to be conserved.

The case is one which illustrates the truth of the maxim that "hard cases are the quicksands of the law." The facts appeal strongly to the consideration of the department upon which the duty of enforcing

claims of the government is imposed. The court can only adjudge the right and enforce the remedy as the law directs.

The decree dismissing the bill must be reversed, to the end that further proceedings be had in accordance with the decision of this court.

Reversed.