## UNITED STATES v. HARPOOTLIAN et al.

### SAME v. DAMBOURAJIAN.

Circuit Court of Appeals, Second Circuit.
March 5, 1928.

No. 155.

1. Courts ⟨⟩355—Government, before becoming entitled to order to examine in supplementary proceedings, must issue and have returned unsatisfied an execution (Civil Practice Act N. Y. § 779; District Court rule; 28 USCA § 727).

Government, securing a judgment, must, before becoming entitled to an order to examine in supplementary proceedings, pursuant to Civil Practice Act N. Y. § 779, under authority of District Court rule adopting state laws, as authorized by Rev. St. § 916 (28 USCA § 727; Comp. St. § 1540), must issue and have returned unsatisfied an execution against property of judgment debtor.

2. Judgment ⟨⟩766—Judgments of federal District Court constitute valid lien on real estate, though not registered, recorded, docketed, or indexed under state law (28 USCA §§ 812, 814; Civil Practice Act.N. Y. § 510).

Under 28 USCA § 812 (Comp. St. § 1606), and Rev. St. § 967 (28 USCA § 814; Comp. St. § 1608), relative to judgments and decrees of federal District Courts, judgment therein is nevertheless a valid lien on real estate coextensive with territorial jurisdiction of District Court, though not registered, recorded, docketed, or indexed pursuant to Civil Practice Act N. Y. § 510.

3. Judgment ⟨⟩760—Judgment of federal District Court has same effect in operation as lien as state law prescribes for judgments of state courts.

Judgments of federal District Court have the same effect, and no more, in operation as liens on property of judgment debtors, as the law of the state in which they are rendered prescribes for judgments of state courts, extending to all counties within limits of territorial jurisdiction.

4. Limitation of actions ⟨⟩11(1)—United States is not bound by limitations, unless Congress manifests contrary intention.

United States, as a sovereign power, is not bound by any statutes of limitations, unless Congress manifests its intention otherwise.

**5. Judgment ⟨⟩752—Judgment at common law did not create lien on real estate.**

At common law a judgment did not create a lien on real estate, and consequently any lien on realty resulting therefrom is by statute.

**6. Judgment ⟨⟩795(1)—Government officers cannot prolong lien on real estate of judgment debtor because of neglect to make use of statutory benefits (Civil Practice Act N. Y. § 510).**

Civil Practice Act N. Y. § 510, creating a lien on real estate of judgment debtor for a period of 10 years, making no provision for extension of time in case of judgment obtained by United States, officers of government cannot prolong it by neglecting to make use of its benefits.

**7. Courts ⟨⟩375—State law limiting period of lien of judgment held applicable to judgments of United States (Civil Practice Act N. Y. §§ 510, 779).**

Civil Practice Act ·N. Y. § 510, creating a lien on real estate of judgment debtor for period of 10 years only, is applicable to judgments obtained by United States; hence, after period of lien expires, supplementary proceedings were not maintainable under section 779, on basis of continuation of lien in favor of United States.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against Carnig L. Harpootlian and Manoog Dambourajian. To review an order vacating an order for examination of defendant last named in proceedings supplementary to execution, the United States brings error. Affirmed.

Charles H. Tuttle, U. S. Atty., of New York City (Earle N. Bishopp, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

John C. Von Glahn, of New York City (Adelma H. Burd, of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. On March 29, 1927, an order was entered directing the defendant in error to appear for examination supplementary to execution on April 19, 1927. The order appealed from vacates that order. Judgment was obtained against the defendant in error, in favor of the United States, on September 13, 1913. · An execution thereon was issued on October 6, 1913, and returned as unsatisfied. A second execution was issued September 21, 1926, and also returned unsatisfied. The provision for such examination is found in section 916 of the United States Revised Statutes (28 USCA § 727; Comp. St. § 1540), reading:

"The party recovering a judgment in any common law cause, in any circuit or district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided * * * by the laws of the [United States], in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such circuit or district court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

The rule of the District Court for the Southern District of New York, in effect November 1, 1926, provides that in common-law causes the party shall be entitled to the same rights and remedies respecting attachments against property and proceedings supplementary to execution as are or may be provided by the laws of the state of New York, and it adopts such laws. Section 779 of the Civil Practice Act of the state of New York permits an examination of a debtor, after the return of an execution, at any time within 10 years, and enumerates the contents of an affidavit which must support the order requiring the debtor under the judgment to attend and be examined concerning his property.

Section 967 of the United States Revised Statutes (28 USCA § 814; Comp. St. § 1608) provides that judgments and decrees of the District Court "shall cease to be liens. on real estate or chattels real, in the same manner and at like periods as judgments and decrees of the courts of such state cease, by law, to be liens thereon." Section 510 of the Civil Practice Act of New York provides that a lien of judgment upon the real estate of the debtor which is docketed ,in the county clerk's office is a charge for ten years after filing the judgment roll upon the real estate and chattels real in that county where the judgment debtor has at the time of so docketing it such property, and further it is a lien or charge on subsequently acquired property within ten years. It is provided, however, that no judgment shall be a charge upon the real property of any person unless and until designated by name in the docket of such judgment in the office of the clerk of the county where the property is located. ,

And section 812 of title 28 of the United States Code (28 USCA § 812; Comp. St. § 1606) provides that judgments and decrees of the "District Court of the United States * * * shall be liens on property

throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state." It is provided that, "whenever the laws of any state require a judgment or decree of a state court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner," so that "a lien shall attach, this act shall be applicable therein whenever and only whenever the laws of such state shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conform to the rules and requirements relating to the judgments and decrees of the courts" of the United States. 25 Stat. 357.

[1-3] It was necessary for the government to issue and have returned unsatisfied an execution against the property of the defendant in error, real and personal, before an order to examine in supplementary proceedings could be granted. Importers' & Traders' Nat. Bank of N. Y. v. Cebra Quackenbush, 143 N. Y. 567, 38 N. E. 728. By section 652 of the Civil Practice Act of New York it is provided that, after a lapse of 5 years from the entry of final judgment, execution can be issued thereon only where an execution was issued thereon within 5 years after the entry of the judgment and has been returned wholly unsatisfied or unexecuted. The order vacated here, for the examination, was entered over 10 years after the return of the execution unsatisfied. The executions were issued on the judgments of October 6, 1913, and September 21, 1926, respectively. It is admitted that by virtue of the statutes, even though a judgment of the United States courts is not registered, recorded, docketed, or indexed, as is the requirement relative to judgments in the state, it is nevertheless a valid lien on real estate coextensive with the territorial jurisdiction of the District Court for the district in which the defendant lives, and it is good as against both real and personal property. Metcalf v. Watertown, 153 U. S. 671, 14 S. Ct. 947, 38 L. Ed. 861; Cooke v. Avery, 147 U. S. 375, 13 S. Ct. 340, 37 L. Ed. 209; Dartmouth Savings Bank v. Bates et al. (C. C.) 44 F. 546. Judgments of the District Court have the same effect, and no more, in their operation as liens upon the property of judgment debtors as the law of the state in which they are rendered prescribed for judgments of the state courts. Such liens extend to all counties within the limits of the territorial jurisdiction of the courts.

[4] But it is argued by the plaintiff in error that section 779 of the Civil Practice Act of New York has reference to the first execution, and that the 10-year period providing for examination in supplementary proceedings is a limitation which is not binding against the United States as a sovereign power, under the familiar rule that a statute of limitations may not be invoked against the United States. We fully recognize the principle of public policy, applicable to all governments alike, which forbids that the public interest should be prejudiced by the negligence of officers and agents, to whose care they are confided, and that the United States, as a sovereign power, is not bound by any statutes of limitations unless Congress manifests its intention otherwise. United States v. Thompson, 98 U. S. 486, 25 L. Ed. 194; United States v. Nashville, etc., Ry., 118 U. S. 120, 6 S. Ct. 1006, 30 L. Ed. 81; Stanley v. Schwalby, 147 U. S. 508, 13 S. Ct. 418, 37 L. Ed. 259. But judgments of the United States have the same effect, and no more, in their operation as the lien upon the property of judgment debtors as the law of the state in which they are rendered prescribes for judgments of the state courts. In United States v. Minor, 235 F. 101 (C. C. A. 4th Circuit), and United States v. Kendall (D. C. La.) 263 F. 126, it was held that, an action to enforce the lien and judgments in favor of the United States, created by virtue of the state statutes making such judgments liens, if duly docketed against real estate for 10 years, could be maintained after the 10-year period, and this because it is said to be a statute of limitations which may not be invoked against the United States.

[5] At common law, a judgment did not create a lien on real estate. Morsell v. First Natl. Bank, 91 U. S. 357, 23 L. Ed. 436; Hulbert v. Hulbert, 216 N. Y. 430, 111 N. E. 70, L. R. A. 1916D, 661, Ann. Cas. 1917D, 180; McMillan v. Davenport, 44 Mont. 23, 118 P. 756, Ann. Cas. 1912D, 984; 34 Corp. Juris, 567. The common law did not seize the land of a debtor and sell it or deliver it to his creditor. Pollock & Maitland, History of English Law, vol. 2 (2d Ed.) 596. Consequently any lien on realty is created by statute. In England, as well as in our states, laws have been enacted making judgments liens upon the realty of the judgment debtor. Even the judgment of a state court, in the absence of statute, did not become a lien

against the real estate of the judgment creditor. Commonwealth v. Adkins, 47 Ky. (8 B. Mon.) 380. The provision of the Civil Practice Act of the state of New York which creates the lien provides in express terms the period of its existence. It is not a statute of limitations upon a right of action, which may be of no avail against a sovereign. The provision ·of the Civil Practice Act fixes a period of time within which a party having a judgment may follow the defendant's real estate into the hands of grantees, or his personal property by execution. Failing to avail himself of such privilege within the time fixed, the right expires, and he must enforce his judgment, if at all, by some other method of levy and sale upon such property. as he can find belonging to the judgment debtor, unaided by statutory lien.

[6, 7] The state statute makes no provision for extension of time in the case of a judgment obtained by the United States, nor can the officers of the government prolong it by neglecting to make use of its benefits. Payette v. Marshall County, 180 Iowa, 660, 163 N. W. 592; Thompson v. Avery, 11 Utah, 214, 39 P. 829. Congress has provided only, by the statutes above referred to, that the right to execution and examination of debtor shall be coextensive and consistent with that granted by the state within the territory of the District Court. Where the statutory period has run, the right expires completely by the mere lapse of time the lien is ended. The doctrine of governmental immunity in the statute of limitations does not apply, and when the time of lien lapsed, within the terms of its grant, the government is in the same position as a private litigant.

In Fink v. O'Neil, 106 U. S. 272, 1 S. Ct. 325, 27 L. Ed. 196, a perpetual injunction was granted to restrain the United States marshal from proceeding upon a judgment rendered in favor of the United States in the District Court to levy on real estate, exempt under state laws from sale on execution. In affirming the decree, the court said: "Nothing can be more clear than this, as a recognition by Congress, that in case of executions upon judgments in civil actions the United States are subject to the same exemptions as apply to private persons by the law of the state, in which the property levied on is found."

After 10 years have elapsed, the lien of the plaintiff in error's judgment on the real property of the defendant in error was at an end, and the proceeding to examine in supplementary proceedings could not be maintained upon the basis of a continuation of the lien, because of the rule that the statute of limitations does not run against the United States.

Judgment affirmed.