### CUSTER v. McCUTCHEON.
### No. 6079.

Circuit Court of Appeals, Ninth Circuit.
June 9, 1930.

James R. Bothwell and W. Orr Chapman, both of Twin Falls, Idaho, for appellant.

H. E. Ray, U. S. Atty., and W. H. Langroise and Sam S. Griffin, Assts. U. S. Atty., all of Boise, Idaho, for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

The posture of the case in point of fact need not be explained, for by the parties it is agreed the record exhibits only a general question of law, namely, whether upon a judgment for money, recovered by the United States against a citizen, in the United States District Court for the District of Idaho, an execution may issue more than five years after the entry thereof. By the court below the question was answered in the affirmative.

Section 916 of the United States Revised Statutes (28 USCA § 727) provides that:

"The party recovering a judgment in any common-law cause in any district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are provided in like causes by the laws of the State in which such court is held, or by any such laws which may subsequently be enacted and adopted by general rules of such district court; and such courts may, from time to time, by general rules, adopt such State laws as may be in force in such State in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

Standing Rule 73 of the United States District Court for Idaho is as follows:

"Subject to the provisions of the acts of Congress in relation to executions, judgments in actions at law shall be enforced in the same manner as such judgments in the State Courts are enforced, and the State laws in relation to executions, sales, exemptions, rights of purchasers, right of judgment creditors and judgment debtors, redemptions, liens of judgments and of decrees and proceedings supplementary to execution as said provisions now exist or as they shall exist at the time in question are adopted as rules of this Court; and the Marshal of this Court shall conform his proceedings thereto; * * * "

And by section 6910 of the Idaho Compiled Statutes 1919 it is provided:

"The party in whose favor judgment is given, may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement."

Under these provisions it is conceded by the government that in the case of a judgment in favor of a private person execution thereon cannot lawfully issue after the lapse of five years from the entry thereof. And on behalf of the appellant it is not controverted that, in the absence of consent expressed or clearly implied by a federal statute, the United States is not bound by any statute of limitations. The reasoning of appellant, however, is that by virtue of section 916, supra, and Rule 73 of the District Court, the state statute above quoted is in effect adopted as a part of the law of the United States, that the statute creates a new right, and that the government must take the right subject to the limitations prescribed, one of which is that execution must issue within five years or the entire right terminates.

But the right of a judgment creditor to execution process does not have its origin in the state statute; it existed at common law. 3 Cooley's Blackstone, 431; Freeman on Executions (3d Ed.) § 27. The statute only enlarged the time during which the right may be exercised from one year to five years, and seemingly under the common law the limitation of time was not recognized as binding upon the state. Coombs v. Jordan, 3 Bland (Md.) 284, 324, 22 Am. Dec. 236, 271. See, also, Nimmo's Executor v. Commonwealth, 4 Hen. & M. (Va.) 57, 4 Am. Dec. 488. While we have failed to find in any of the texts a discussion of this exception, it would appear to be highly illogical to hold that the state may, without regard to time, bring an action to recover on a claim but by lapse of time it is barred from enforcing its judgment thereon. After all, the ultimate purpose of an action is not to get a judgment, but to recover the claim, and every consideration underlying the rule that the state should not be barred from bringing the suit with equal force supports the view that it should not be barred from prosecuting the suit, once it is begun, to the complete accomplishment of the purpose thereof. If it is not to be prejudiced by the negligence of its officers and agents in bringing the action, neither should it be defeated by like negligence in respect of taking out execution process upon the judgment. In the absence of some expression to the contrary, it is therefore to be presumed the Legislature intended only to enlarge the time of an established rule and not to widen its scope. While in its phraseology the statute suggests nothing more, under appellant's interpretation it would operate not to enlarge but to

abridge a pre-existing right of one class of judgment creditors.

With the exception of United States v. Noojin (D. C.) 155 F. 377, 380, which seemingly supports the conclusion we have reached, no decided case has come to our notice where the precise question has been considered. Of the other decisions cited in the briefs those most nearly in point are Fink v. O'Neil, 106 U. S. 272, 1 S. Ct. 325, 27 L. Ed. 196; United States v. Minor (C. C. A.) 235 F. 101; United States v. Kendall (D. C.) 263 F. 126; and United States v. Harpootlian (C. C. A.) 24 F.(2d) 646. In the Fink Case was involved only the question whether as a creditor the government could ignore state exemption laws, and in the public policy underlying such statutes the court found cogent reasons for holding that Congress did not intend to except the United States from the operation thereof. In each of the other three cases the question at issue was whether or not a statute limiting the duration of a judgment lien was binding upon the government. In the Harpootlian Case the question was answered in the affirmative, a conclusion apparently out of harmony with the view adopted in the other two. But however that may be, admittedly there was no such lien at common law, and hence the liens in question were purely creatures of the statute. Not without reason, therefore, it could be held that the United States, as well as other creditors, must take such a lien with its statutory restrictions and limitations.

Affirmed.